**John Daniel DODGE, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 96–308.

Supreme Court of Wyoming.

Dec. 31, 1997.

Ronald P. Jurovich of Messenger & Jurovich (argued), Thermopolis, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Bryan A. Skoric, Assistant Attorney General (argued), for Appellee.

· Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

Appellant John Daniel Dodge, Jr. pled guilty to three counts of taking indecent liberties with a child in violation of W.S. 14-3-105 and was sentenced to a term of sixteen to twenty years in the Wyoming State Penitentiary. Dodge presents a single issue on appeal:

Whether the district court committed reversible error by abusing its discretion in sentencing John D. Dodge, Jr. to eight to ten years each for three violations of W.S. 14-3-105, counts II and III to run concurrently and consecutive to count I, resulting in a sentence of sixteen to twenty years in the Wyoming Penitentiary.

We affirm.

### FACTS

In May 1994, Dodge temporarily moved into the Colorado home of his childhood friend, Bruce Gutzke. Dodge spent a considerable amount of time with Gutzke's two daughters; and, when he obtained his own apartment two weeks later, they helped him move in and arrange his furniture. Soon after, Dodge and the older daughter, J.G., who was 15 years old at the time, began having sexual relations. Dodge was 39 years old. Over the course of the next two months, Dodge and J.G. had sexual intercourse twenty to thirty times. Dodge ceased having sexual relations with J.G. after J.G.'s mother found the two in bed together on July 4, 1994.

In June 1994, J.G. accompanied Dodge on two trips from Colorado to Thermopolis, Wyoming. During the course of these trips, Dodge pulled off the highway on three separate occasions and had sexual intercourse with J.G., twice in Carbon County and once in Fremont County. J.G.'s parents reported these incidents to the Wyoming authorities in early 1995. On October 9, 1995, Dodge was formally charged in Fremont County with one count of taking immodest, immoral or indecent liberties with a child, in violation of W.S. 14-3-105. On January 19, 1996, Dodge was charged in Carbon County with two counts of second degree sexual assault in violation of W.S. 6-2-303(a)(ii). Dodge entered into a plea agreement on June 4, 1996, whereby the Carbon County charges were reduced to two counts of taking indecent liberties with a child. The Carbon County charges then were consolidated with the Fremont County charge.

A presentence investigation report was prepared; and, on September 18, 1996, Dodge pled guilty to three counts of taking immoral or indecent liberties with a child in violation of W.S. 14-3-105.[1] The court sen-

---

1. W.S. 14-3-105 (Rpl.1994) provides in relevant part:

(a) Any person knowingly taking immodest, immoral or indecent liberties with any child

* * * is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand

tenced Dodge to a term of eight to ten years in the Wyoming State Penitentiary for each count, with the sentences for Counts II and III to be served concurrently to each other and consecutively to Count I. Dodge timely appeals the Judgement and Sentence.

## STANDARD OF REVIEW

 When a criminal sentence is within the limits set by the legislature, as here, the sentence will not be overturned absent a clear abuse of discretion. *Smith v. State,* 922 P.2d 846, 848 (Wyo.1996).

> A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.

*Id.* (quoting *Wright v. State,* 670 P.2d 1090, 1092 (Wyo.1983)). In assessing the reasonableness of the sentence, consideration is to be given to the crime and its circumstances and the character of the criminal. *Wright v. State,* 670 P.2d at 1092.

## DISCUSSION

Dodge asserts that the district court abused its discretion when it sentenced him to a total of sixteen to twenty years in prison for three counts of taking indecent liberties with a minor. He contends that his sentence is disproportionate to sentences imposed on other defendants convicted of the same crime, and he urges us to evaluate his sentence in light of the Eighth Amendment proportionality test set forth in *Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637 (1983):

> [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on oth-

er criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

 However, this court has adhered to the rule that we will not undertake a lengthy analysis under all three of the *Solem* criteria "except in cases where the mode of punishment is unusual or where the relative length of sentence to imprisonment is extreme when compared to the gravity of the offense." *Oakley v. State,* 715 P.2d 1374, 1379 (Wyo. 1986); *Smith v. State,* 922 P.2d at 849. Our rule is in accord with the approach taken by the United States Supreme Court in *Harmelin v. Michigan,* where the court concluded that the *Solem* proportionality analysis is appropriate only "in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." 501 U.S. 957, 1005, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring).[2]

 Dodge pled guilty to three counts of indecent liberties, for which he could have received a thirty-year prison sentence. W.S. 14–3–105(a), W.S. 7–13–201. The court imposed the maximum possible sentence for each count, ten years in prison. The court, however, ordered the two Carbon County charges to run concurrently to each other, and consecutively to the Fremont County charge, resulting in a total sentence of sixteen to twenty years.

 Indecent liberties is a serious crime, by definition perpetrated against a minor. Longer sentences are appropriate in crimes of violence against the person as compared with crimes against property. *Smith v. State,* 922 P.2d at 850. In this regard, we observe that Dodge's version of the events leading to the charges against him differs substantially from J.G.'s version. Dodge maintains the sexual relationship between he and J.G. was consensual and there were mutual feelings of love between the two. On the other hand, J.G. asserts that Dodge sexually assaulted her against her will. She says she

dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both.

2. *Harmelin* was a plurality opinion. Two justices in *Harmelin* would have limited proportionality review to capital cases. 501 U.S. at 994, 111 S.Ct. at 2701.

was scared of Dodge and intimidated by his physical size, and that she accompanied Dodge on the trips to Wyoming only to keep her younger sister from going and being assaulted as J.G. had been. In addition, the presentence investigation report included victim impact statements which described the devastating effect of these crimes, not only on J.G., but on her whole family. A comparison of Dodge's crimes with his sentence does not give rise to an inference of gross disproportionality; therefore, a comparative analysis of his sentence with others in Wyoming or across the country is not required.

█ The same facts which inform our determination that a proportionality analysis is not required also support our decision that the district court did not otherwise abuse its discretion in sentencing Dodge. Dodge does not allege any suspicious procedural conduct, circumstances manifesting inherent unfairness or injustice, or conduct offensive to the public sense of fair play. *Wright*, 670 P.2d at 1092. Dodge points out that he cooperated fully with the authorities; he is a first-time offender; and he showed remorse for his wrongdoing. Dodge also emphasizes the fact that he lived in Colorado, and the sexual relationship between him and J.G. was not illegal in Colorado. He believes these factors should have resulted in a lesser sentence.

█ Initially, we note that the presentence report and plea agreement contradict Dodge's claim that he did nothing illegal in Colorado; charges were pending in Colorado, but were dropped as part of the plea agreement. Further, a defendant's cooperation with authorities and remorse for his actions are appropriate factors to be considered when imposing sentence, but the court's obligation is to fairly consider the entire course of events as related to the character of the defendant and the circumstances of the crime. *See Christy v. State*, 731 P.2d 1204, 1205 (Wyo.1987), and *Wright*, 670 P.2d at 1092. The court had before it the presentence investigation report, to which Dodge offered no corrections or modifications. Additionally, the court heard statements from counsel for the State and Dodge, and from Dodge himself. The whole picture presented to the district court, much of which is de-

scribed above, leads us to conclude the court's sentencing decision did not exceed the bounds of reason under the circumstances.

Affirmed.