Carolyn SUVAL, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 99–124.

Supreme Court of Wyoming.

June 16, 2000.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; and Donna D. Domonkos, Appellate Counsel.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Carolyn Suval (appellant) contends that the sentence imposed for her conviction on one count of theft of services [1] is disproportionate to the gravity of the crime. We disagree and affirm.

Appellant raises a single issue for consideration:

> Whether the district court abused its discretion in sentencing [appellant] to five to seven years for the crime of theft of services in [sic] pursuant to W.S. § 6-3-408(a)(i).

The State rephrases the issue slightly:

> Whether the district court properly exercised its discretion in sentencing Appellant.

*FACTS*

In 1998, appellant and her friend Corey Mack took their vehicle into Automatic Transmission Specialists (ATS) for repairs. After the vehicle had been repaired, appellant entered ATS' closed lot and absconded with the vehicle without having paid the $811.42 for services rendered.

Appellant was subsequently charged with felony theft of ATS' services. After her arrest, appellant posted bond. One of the conditions of her release was a prohibition against leaving Laramie County without the prior approval of the court. Appellant eventually reached a plea agreement wherein the prosecutor agreed to recommend probation, conditioned on a presentence investigation report (PSI).

Appellant's sentencing was scheduled for October 9, but she did not appear. In blatant violation of the terms of her bond, appellant had left Laramie County for Sweetwater County, Wyoming without obtaining the prior approval of the court. Even more damaging to appellant, while in Green River appellant and Mack committed a felony, for which both were subsequently convicted.

Upon resolution of the proceedings in Sweetwater County, appellant was returned to Laramie County for sentencing on the subject offense. Meanwhile, appellant's PSI had revealed a significant criminal history, including outstanding warrants from no less than three other states. Based on this history and appellant's escapades while out on bond, the prosecutor recommended a term of incarceration. The district court judge apparently agreed, and a sentence of five to seven years, to run consecutively to appellant's sentence for the Sweetwater County incident, was imposed. Appellant now appeals her sentence.

---

* Retired June 2, 2000.

1. Wyo. Stat. Ann. § 6-3-408(a)(i) (Lexis 1999) provides:
 > (a) A person who, with intent to defraud, obtains services which he knows are available only for compensation, without paying for the services is guilty of:

> (i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of the services is five hundred dollars ($500.00) or more[.]

### STANDARD OF REVIEW

When a criminal sentence is within the parameters set by the legislature, as it is here, that sentence will not be overturned on appeal absent a clear abuse of discretion. *Dodge v. State,* 951 P.2d 383, 385 (Wyo.1997). An abuse of discretion does not occur unless a court has acted in a manner which exceeds the bounds of reason under the circumstances. *Vaughn v. State,* 962 P.2d 149, 152 (Wyo.1998). The ultimate issue is whether or not the court could have reasonably concluded as it did. *Id.* In evaluating the reasonableness of a criminal sentence, we give consideration to the crime and its circumstances along with the character of the defendant. *Dodge,* 951 P.2d at 385.

The United States Supreme Court set forth a test for proportionality analysis of criminal sentences in *Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637 (1983):

[A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Dodge,* 951 P.2d at 385. We have stated, however, that this court will not engage in a lengthy analysis under all three of the *Solem* criteria except in those instances "where the mode of punishment is unusual or where the relative length of sentence to imprisonment is extreme when compared to the gravity of the offense." *Dodge,* 951 P.2d at 385; *Oakley v. State,* 715 P.2d 1374, 1379 (Wyo.1986).

### DISCUSSION

Appellant complains that the trial court failed to take into account any mitigating factors. The mitigating factors appellant alleges were ignored in sentencing were: her crime was nonviolent; her stated desire to resume her nursing career and reunite with her estranged husband and child; her willingness to avoid the nefarious influences of her cohort in crime, Mr. Mack; and, the judge in the Sweetwater County case had recommended that her sentence in that case run concurrently to this one. Appellant also asserts that her sentence is one of those "rare case[s] in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Dodge,* 951 P.2d at 385 (quoting *Harmelin v. Michigan,* 501 U.S. 957, 1005, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991)). Appellant bases her contention of disproportionality on the nonviolent nature of her crime in comparison with her sentence of five to seven years running consecutively with the other sentence arising from the Sweetwater County incident.

Our review of the sentencing record leads us to conclude that the trial court did, in fact, take all of the appropriate factors into consideration:

[Trial Judge]: All right. Thank you, counsel. Certainly the nature of the underlying offense is one of the principal considerations in sentencing. One always looks to the principle of proportionality. That is, there must be some proportionality between the offense and the sentence. Nevertheless, always one's prior record is taken heavily into consideration.

I would agree with you, counsel, that ordinarily without a criminal history this offense would not warrant incarceration, it would probably be a probation case. But [appellant] is far from being here without a significant criminal history, and now we have the conviction in Sweetwater County on top of it, [appellant's] formidable record that is reflected in the pre-sentence investigation report. [Appellant] just seemed to be willful in her determination to keep committing criminal offenses. It is significant that she was outside of Laramie County in Sweetwater County in violation of her conditions of release when this occurred. That again shows a willfulness and a disregard for the order of the Court and the process. She just does not seem to take these things very seriously. And, I guess, looking at all of the past instances of which she has received extremely lenient treatment, she might have some reason to not take it terribly serious.

But this is just not the kind of a record that would warrant a sentence as light as one to two [years]. It may not rise quite

to the level of eight to ten [years] either. But the judgment and sentence of the Court * * * is no less than five years nor more than seven to the Women's Penitentiary at Lusk consecutive as to any other sentence she may be serving.

It is quite clear from the foregoing that the trial judge considered the gravity of appellant's offense. It is also clear that the judge believed appellant's criminal history and behavior to outweigh any considerations of lenity. The record supports the judge's ruling. Appellant's criminal history demonstrates a progressive increase in the occurrence and severity of her crimes beginning with misdemeanor prostitution and disorderly conduct offenses to felony theft to the violent robbery in Sweetwater County. Furthermore, appellant has continually flaunted the authority of the courts and the law as evidenced by her outstanding warrants from several other states as well as by her actions in this case where she violated the terms of her release by leaving the county. Given her history, it was hardly unreasonable for the trial judge to discount appellant's after-the-fact, self-serving statements about self-rehabilitation. The trial court, appropriately we think under these circumstances, rated appellant's credibility at nil. We will not second guess such an assessment, especially one where the record supplies ample support for such a conclusion.

For the same reasons noted above, we do not find this case to be one of those rare "case[s] in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." To the contrary, the record shows that appellant's sentence, which was entirely within the statutory limits, is eminently reasonable and proportionate under these circumstances.

### CONCLUSION

The sentence imposed on appellant is reasonable under the circumstances and proportionate thereto.

Affirmed.