678 P.2d 88

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Gary D. REGESTER, Defendant-Appellant.**

**No. 14246.**

Court of Appeals of Idaho.

Feb. 28, 1984.

David Z. Nevin, Chief Appellate Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Gary Regester appeals from his conviction for grand larceny, and from the sentences imposed upon his convictions for grand larceny, first degree burglary and possession of burglarious instruments. He argues that the evidence adduced at trial does not support a finding that the value of the property taken during the burglary exceeds the $150 value required under I.C. § 18–4604(1) to convict an individual of grand larceny. He also argues that, in sentencing, the court punished him for exercising his constitutional right to demand a trial on the charges against him. We affirm the judgment of conviction for grand larceny and the sentences imposed.

I

Alerted by a "silent" alarm system at approximately 2:30 a.m., Boise police responded to a suspected burglary in progress. When they arrived at the scene, they found Regester on the roof of the building. They also found a back-pack, containing a metal prybar, a flashlight, a money bag on which was printed the name of a restaurant located in the building, a leather purse and other items. Both the money bag and the purse contained money.

Regester was arrested and charged with two felonies, first degree burglary and grand larceny, and one misdemeanor, possession of burglarious instruments. At his arraignment, Regester pled not guilty and the state amended its information, alleging that Regester was a persistent violator of the law.

After trial, a jury convicted Regester on all of the charges and found that Regester was a persistent violator of the law. The district court sentenced Regester to concurrent eighteen-year sentences on the burglary and grand larceny charges and to a concurrent six-month sentence for possession of burglarious tools.[1] This appeal followed.

1. The parties stated, at oral argument, that the sentencing court later reduced Regester's sentences for burglary and larceny to twelve years, on Regester's motion. This is not reflected in the record and has no effect on our decision.

## II

 Regester argues that the evidence produced at trial does not support a jury finding that the value of the property taken in the burglary exceeded $150. He directs our attention to the testimony of two witnesses—the manager of the restaurant and a waitress who worked in the restaurant. The manager testified that, in the burglary, about $96 was taken from the business. The waitress identified the purse as hers, and testified that she had left the purse—with money in it—at the premises on the night of the burglary. She also testified she had purchased the purse for approximately four dollars. She did not testify as to the amount of the money which the purse contained when she had left it in the restaurant the night of the burglary.

There is other evidence in the record concerning the value of the property taken, however. A property invoice listing the items which police recovered from Regester when he was apprehended showed that the business' money bag contained $67 and that the waitress' purse contained $109.46. This invoice was admitted into evidence without objection. Viewed in conjunction with the testimony of the state's witnesses, this evidence could have led the jury to conclude, beyond a reasonable doubt, that the value of the property taken from the premises exceeded $150. A jury verdict which is supported by substantial competent evidence will not be overturned on appeal. *State v. Campbell*, 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983). There is substantial, competent evidence to support this verdict and we affirm it.

## III

We next address the contention that the judge imposed the eighteen-year indeterminate sentences in part to punish Regester for exercising his constitutional right to trial. Regester draws this conclusion from the court's statement, during the sentencing hearing, that Regester "fought [the charges] all the way, which to me, while that's his right to do that, indicates that

he's not coming in and trying to get his life straightened out."

Regester contends that, from the comment made by the court, we must conclude that the court did something impermissible, *i.e.*, it punished him for exercising his right to a trial. His assertion requires that we address the following sub-issues. First, as a part of sentencing, what is the limitation upon the court in taking into account the exercise by a defendant of his right to trial? Second, what standard of review should we apply to determine whether the trial court impermissibly considered the exercise of such right? And finally, upon applying the appropriate standard of review, should Regester's sentences be vacated and the case remanded?

### A

 Regester argues that "to allow the exercise of a legal right to affect the sentence imposed is a flagrant and unjustified denial of an absolute constitutional right" —the right to a trial. He urges that his constitutional right to due process was violated because the court placed a burden—a harsher prison sentence—on the exercise of his right to trial. *See e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978); *North Carolina v. Pearce*, 395 U.S. 711, 723–725, 2079–2080, 23 L.Ed.2d 656 (1969).

The United States Supreme Court has not considered the precise issue raised by Regester. However, in another context, it has recognized that "vindictiveness must play no part" in resentencing. *North Carolina v. Pearce, supra.* The Court there held that a defendant who successfully had attacked his conviction and gained a new trial could not be punished for exercising his right to appeal or for otherwise collaterally attacking his first conviction, by imposing a longer sentence upon retrial.

The fear of vindictiveness could deter a defendant's exercise of his right to trial, in a situation similar to this one, just as it could deter the exercise of a defendant's right to appeal or to collaterally attack his conviction. *E.g. Chaffin v. Stynchcombe*,

412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); cf. *Bordenkircher v. Hayes,* 434 U.S. at 363, 98 S.Ct. at 667. However, the United States Supreme Court has also stated that "not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid." *Corbitt v. New Jersey,* 439 U.S. 212, 218, 99 S.Ct. 492, 497, 58 L.Ed.2d 466 (1978) (footnote omitted). In *Corbitt,* the Court also recognized the "constitutional propriety of extending leniency in exchange for a plea of guilty and of not extending leniency to those who have not demonstrated those attributes on which leniency is based." 439 U.S. at 224, 99 S.Ct. at 500 (footnote omitted). We conclude that, to show a violation of due process, Regester must demonstrate the judge's vindictiveness or intent to punish him for exercising his right to trial in imposing sentence. We turn next to the inquiry concerning an appropriate standard of review for determining whether such a violation has been demonstrated.

### B

■ Regester argues that if a reviewing court entertains doubt whether a sentencing court relied on the defendant's exercise of his right to trial, it must give the defendant the benefit of that doubt and vacate the sentence. We view this as a request to apply a "per se" standard of review, *i.e.,* that any appearance of such reliance mandates vacating the sentence. The state counters Regester's position by suggesting that we should view the record as a whole without taking the court's comments out of context.

In support of his position, Regester cites *United States v. Capriola,* 537 F.2d 319 (9th Cir.1976); *Hess v. United States,* 496 F.2d 936 (8th Cir.1974); *United States v. Stockwell,* 472 F.2d 1186 (9th Cir.1973), *cert. denied,* 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409; *People v. Wilson,* 599 P.2d 970 (Colo.App.1979); *Johnson v. State,* 274 Md. 536, 336 A.2d 113 (1975); and *State v. Baldwin,* 629 P.2d 222 (Mont.1981). Regester's reliance on *United States v. Stock-*

*well, supra,* in support of a "per se" rule is questionable. There the court informed Stockwell, during plea bargaining before trial, that a three-year sentence would be imposed if he pled guilty, while a seven-year sentence would be imposed if he was convicted after a trial. He stood trial, was convicted and received a seven-year sentence. On appeal, the Court of Appeals concluded that "the record leaves unrebutted the inference" that Stockwell was punished for exercising his right to trial. In our view, the court's reference to its "examination of the record" rebuts Regester's claim that the court applied a "per se" test.

Several appellate courts have considered allegations that the statements of the sentencing judge show that the defendant was punished for exercising his right to trial. In *Hess v. United States, supra,* the Eighth Circuit Court of Appeals appears to have used a "per se" test to vacate a sentence, although the court stated that it "would be hard pressed to conclude ... that the ... statements support appellants' argument." 496 F.2d at 938. In *United States v. Capriola, supra,* a panel of the Ninth Circuit arguably applied a "per se" test to vacate the sentences of two co-defendants who had been convicted following a trial. Both of those co-defendants had received prison terms of at least three years, to be followed by probation, while, of the five other co-defendants who pled guilty or nolo contendre, only two were sentenced to prison, each for two years. The appellate court concluded that the record was not "adequately explicit to make [the] reasons [for the disparity in sentencing] readily discernible." 537 F.2d at 320. The cases from Colorado, Maryland and Montana, which Regester cites, also appear to apply a "per se" test.

However, other courts have tested allegations, similar to Regester's, by considering the "totality of the circumstances," as revealed by the record. In some of those cases the same result—remanding for resentencing—could be reached under either the "per se" rule or the totality of circumstances test. However, the language used

by those courts, in light of the total record, indicates that the courts applied the latter test rather than the "per se" rule. *See e.g. United States v. Medina-Cervantes,* 690 F.2d 715 (9th Cir.1982); *United States v. Derrick,* 519 F.2d 1 (6th Cir.1975); *United States v. Stockwell, supra; United States v. Hopkins,* 464 F.2d 816 (D.C.Cir.1972); *Scott v. United States,* 419 F.2d 264 (D.C. Cir.1969).

Use of the "totality of the circumstances" test is clearly shown in other cases in which application of that test yields a result different from that which would be reached by application of a "per se" test. *E.g. Smith v. Wainwright,* 664 F.2d 1194 (11th Cir.1981); *Frank v. Blackburn,* 646 F.2d 873 (5th Cir.1980), *cert. denied,* 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123; *Blackmon v. Wainwright,* 608 F.2d 183 (5th Cir.1979), *cert. denied,* 449 U.S. 852, 101 S.Ct. 143, 66 L.Ed.2d 64; *United States v. Underwood,* 588 F.2d 1073 (5th Cir.1979); *United States v. Araujo,* 539 F.2d 287 (2nd Cir.1976), *cert. denied,* 429 U.S. 983, 97 S.Ct. 498, 50 L.Ed.2d 593; *United States v. Floyd,* 496 F.2d 982 (2nd Cir.1974), *cert. denied,* 419 U.S. 1069, 95 S.Ct. 654, 42 L.Ed.2d 664; *United States v. Thompson,* 476 F.2d 1196 (7th Cir.1973), *cert. denied,* 414 U.S. 918, 94 S.Ct. 214, 38 L.Ed.2d 154; *United States v. Jansen,* 475 F.2d 312 (7th Cir.1973), *cert. denied* 414 U.S. 826, 94 S.Ct. 130, 38 L.Ed.2d 59; *United States v. Lehman,* 468 F.2d 93 (7th Cir.1972), *cert. denied,* 409 U.S. 967, 93 S.Ct. 273, 34 L.Ed.2d 232; *United States v. Grooms,* 454 F.2d 1308 (7th Cir.1972), *cert. denied,* 409 U.S. 858, 93 S.Ct. 141, 34 L.Ed.2d 103. *Accord Parton v. Wyrick,* 614 F.2d 154 (8th Cir.1980), *cert. denied,* 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56; *Cole v. Wainwright,* 614 F.2d 67 (5th Cir. 1980); *United States v. Cunningham,* 529 F.2d 884 (6th Cir.1976).

From our review of these authorities, we are not persuaded that a "per se" rule, which requires remanding a case for resentencing if any reference is made to the defendant's exercise of his right to trial, is the better rule. The majority of the federal courts of appeal have opted for the "to-

tality of circumstances" test rather than a "per se" rule. They have expressed a concern for the existence of vindictiveness—in terms of punishing a defendant for exercising his right to trial. In large measure, they have demonstrated confidence that adequate protection of constitutional rights is provided by examining an appellant's claim of punishment for exercising a right to trial in light of the entire record, rather than by applying a "per se" test. We believe that, in many circumstances, a sentencing judge's references to the defendant's exercise of his right to trial, which would not pass a "per se" test, might not reflect actual vindictiveness. Adoption of a "per se" standard of review would be nothing more than an abdication of our responsibility to decide each case upon a careful examination of the merits of an appellant's allegations.

Therefore, in so far as the "per se" rule urged upon us would require that we treat *any* reference to a defendant's election to have a trial as a conclusive sign of vindictiveness, we reject it. The judge's comments must be read in context, and to that extent we adopt the "totality of circumstances" rule. However, we do not view the "totality of circumstances" rule as an invitation for an appellate court to weigh the sentence against the entire record and to treat the vindictiveness issue as merely a question of abuse of sentencing discretion. Rather, we recognize that vindictiveness is a more subtle, narrow question. It focuses upon the sentencing judge's view of the defendant's decision to plead not guilty. That view cannot be determined upon a single remark removed from context. The judge's words and actions must be considered as a whole.

### C

■ In this case, the judge's remarks were a response to Regester's claim, at the sentencing hearing, that he "want[ed] to get his life turned around." Regester conceded that he had twice previously been convicted of burglary and had been impris-

oned in Oregon. He said that he was given no counseling while he was in the Oregon penitentiary and that Oregon authorities made no effort to assist in his rehabilitation. However, while imprisoned in Oregon, Regester had made arrangements to get an educational grant. Regester then indicated to the sentencing judge here that the grant had been approved and was dependent only upon his application to an appropriate educational institution. Regester also noted that the presentence report indicated that he had a very difficult family background, and that he had no alcohol or substance abuse problem. Regester requested that the court impose a sentence which would not be counterproductive to rehabilitation, in view of his age (twenty years), his ambitions to improve himself and his efforts to become a productive member of society.

In commenting upon this argument, the court said that "although he's young, [Regester] has started out to be a professional." The court noted that he had been caught on the roof of the burgled building, with the tools. The court observed that "[h]e came back, he fought [the charges] all the way, which to me, while that's his right to do that, it indicates that *he's not coming in and trying to get his life straightened out. He becomes interested in that only after the jury's reached its verdict.*" [Emphasis added.] By these statements, we believe that the court meant only to explain why it was not convinced that Regester seriously intended to "get his life straightened out," and why Regester's plea for leniency was not convincing.

However, the court indicated its willingness to reduce Regester's sentence upon a more substantial showing of Regester's effort to reform. The court stated that a showing of proper conduct in the penitentiary could cause the court to reduce the sentence, but that an eighteen-year sentence was necessary "to recognize the severity of the offense" and the importance of the finding that Regester was a persistent violator. The court also stated that this sentence would provide incentive for Regester to show by his actions, rather than by his words, that he intended to change his life.

This case is strikingly similar to one recently decided by the Wyoming Supreme Court, cited to us by the state. In *Furtado v. State,* 623 P.2d 770 (Wyo.1981), the trial court, after discussing the circumstances of the crime and the background of the defendant, remarked: "This is not a case of a plea of guilty being entered by the defendant as the first step of rehabilitation, as in most instances. We have a conviction by a jury of 12 people who heard all the evidence...." On appeal, Furtado contended that the court's remarks showed that his sentence was imposed to punish him for exercising his right to plead not guilty. The Wyoming Supreme Court rejected Furtado's contention. It noted that the trial judge had not made any statement as to what he would have done if Furtado had pled guilty. The appellate court rejected Furtado's "[attempt] to attribute to what is otherwise an innocuous truth, some subtle, hidden meaning. By taking it out of the context of the full statement of the [trial] court's explanation of its sentence, its real connotation is distorted beyond recognition." 623 P.2d at 772. The appellate court further stated:

> We can find nowhere in the sentencing proceedings any hint that the trial judge was punishing the appellant for entering a plea of [not] guilty and requiring a trial. We hold the rule to be that a sentencing judge may grant leniency to a defendant who pleads guilty in the presence of the conditions set out in [ABA Standards for Criminal Justice, Consideration of Plea in Final Disposition, § 14–1.8] but he may not enhance a sentence by way of vindictiveness or punishment because a defendant has refused to do so and has gone to trial. The trial judge here meticulously followed every good and accepted sentencing procedure and practice. We find no error. [623 P.2d 773–774.] (Footnote omitted.)

We agree with the view taken by the Wyoming court. Here, the comments of the trial court, taken in context, show an analysis of circumstances properly to be considered in arriving at a sentence. The record does not display or even hint at any vindictiveness or punitive motive on the part of the judge concerning Regester's plea of not guilty.

We conclude that the trial court did not commit error. The judgment of conviction and sentences are affirmed.

BURNETT and SWANSTROM, JJ., concur.