2009 WY 15

**Keith E. GUINN, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. S–08–0130.

Supreme Court of Wyoming.

Feb. 9, 2009.

Representing Appellant: Diane M. Lozano, Wyoming State Public Defender; Tina N. Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jeremy C. Schwendiman, Student Intern. Argument by Mr. Schwendiman.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] The appellant was convicted by a jury of third-degree sexual assault. He complains on appeal that, in imposing sentence, the district court improperly punished him for exercising his right to a jury trial. Because the record reflects that such may have occurred, we affirm the conviction, but reverse the sentence and remand for a new sentencing hearing.

## ISSUE

[¶ 2] Did the district court improperly punish the appellant for exercising his constitutional right to a jury trial?

## STANDARD OF REVIEW

[¶ 3] Because there was no objection below, we review this issue for plain error. To prove plain error, the appellant must prove (1) the record clearly reflects the alleged error; (2) a clear and unequivocal rule of law was violated; and (3) the violation adversely affected a substantial right of the appellant to his material prejudice. *Pendleton v. State*, 2008 WY 36, ¶ 8, 180 P.3d 212, 215 (Wyo.2008).

## FACTS

[¶ 4] The appellant was charged with third-degree sexual assault for having sexual contact with a nine-year-old girl, in violation of Wyo. Stat. Ann. § 6–2–304(a)(ii) (LexisNexis 2003). He was bound over to district court, where he was arraigned on March 12, 2007. A jury trial was scheduled for June

19, 2007. After a scheduling conference, the matter was re-set for a change-of-plea hearing. Prior to the hearing date, however, the appellant filed a document entitled "Motion to Strike Re–Arraignment and Set Matter for Jury Trial." The appellant was convicted after a three-day jury trial that began September 4, 2007.

[¶ 5] The appellant appeared for sentencing on January 2, 2008. The maximum penalty for third-degree sexual assault under the statute then applicable was imprisonment for not more than fifteen years. Wyo. Stat. Ann. § 6–2–306(a)(iii) (LexisNexis 2003).[1] The appellant received a sentence of eight to ten years. He now contends that the district court imposed that sentence at least in part to punish him for going to trial, rather than pleading guilty. He bases that contention upon the highlighted portion of the following comments made by the district court in imposing the sentence:

> I know that generally speaking when I arrive at a sentence for someone [who has] pled guilty, I take into account the acceptance of responsibility. I take into account the saving of the effort that the guilty plea represents to the state. I take into account the saving of anxiety of witnesses who would otherwise be expected to testify if a defendant does not plead guilty. I take those things into account when I arrive at a sentence for someone who pleads guilty.
>
> *I think the corollary to that benefit to someone who pleads guilty is someone who does not plead guilty, someone who does not accept responsibility, somebody who one disregards the impact of stepping up into this witness stand and appearing in a courtroom [full] of strangers, appearing in a courtroom in front of somebody the jury determined had victimized that child. I think it's appropriate for me to take all of those things into consideration.*

(Emphasis added.)

## DISCUSSION

[¶ 6] The first element of plain error is readily met because the record clearly

discloses what was said at the sentencing hearing. The second element is also met in that there is a clear rule of law allowing courts to grant leniency in sentencing to someone who has acknowledged guilt by pleading guilty, but forbidding courts from penalizing or punishing someone who has exercised his or her constitutional right to a jury trial. *Frederick v. State,* 2007 WY 27, ¶ 27, 151 P.3d 1136, 1145 (Wyo.2007); *Furtado v. State,* 623 P.2d 770, 774 (Wyo.1981). In other words, the clear rule of law is that the first quoted paragraph was proper; the second was not.

[¶ 7] The State contends that the appellant cannot prove that he was prejudiced by this error because the record shows that the district court considered other factors, including the appellant's previous conviction, the harm done to the young victim, the apparent failure of previous counseling, and the need to protect other potential victims. While there is certainly some truth to the State's position, we simply cannot ignore the fact that the district court positively declared at sentencing that it was appropriate to consider the fact that the appellant chose to go to trial. At the very least, the record certainly leaves open the possibility that the district court's sentencing decision was based in part upon that consideration. Courts simply may not punish defendants for the exercise of constitutional rights. *North Carolina v. Pearce,* 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). *Cf. Minnesota v. Murphy,* 465 U.S. 420, 434, 104 S.Ct. 1136, 1146, 79 L.Ed.2d 409 (1984) (the State may not penalize the exercise of Fifth Amendment right to remain silent in order to deter exercise of that right); *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982) (prosecutor may not bring more serious charges in retaliation for defendant's exercise of his right to attack his conviction);

---

1. Wyoming's sexual assault statutes have since been amended and re-codified. *See* Wyo. Stat. Ann. §§ 6–2–301 *et. seq.* (LexisNexis 2007).

*but cf. Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978) (it is permissible for a prosecutor to threaten to bring more serious charges if case is not resolved by plea bargain).

## CONCLUSION

[¶ 8]   The district court violated the appellant's constitutional right to a jury trial by considering at sentencing his exercise of that right.   The judgment is affirmed, but the sentencing order is reversed and the case is remanded to the district court for a new sentencing hearing.