2012 WY 112

**Billie Colleen JOHNSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–11–0250.**

Supreme Court of Wyoming.

Aug. 22, 2012.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel. Argument by Ms. Olson.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Stewart M. Young, Faculty Director, Joshua B. Taylor, Student Director, Dustin J. Richards, Student Intern, of the Prosecution Assistance Program. Argument by Mr. Richards.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The appellant, Billie Colleen Johnson, was convicted of two counts of delivery of methamphetamine. On appeal, she claims that the district court abused its discretion when it allowed the Confidential Informant (CI) to testify, although the appellant was not given the CI's telephone number. She also argues that the district court violated her constitutional rights when it considered the appellant's failure to take responsibility for her criminal activity at sentencing. We affirm.

## ISSUES

[¶ 2]  1.  Did the district court abuse its discretion when it allowed the CI to testify at trial, even though the CI's telephone number was not provided to defense counsel?

2.  Did the district court violate the appellant's right to a jury trial when it considered the appellant's failure to accept responsibility for her criminal conduct at sentencing?

## FACTS

[¶ 3]  In June 2010, a CI working with the Wyoming Division of Criminal Investigation (DCI) called the appellant to arrange the purchase of two grams of methamphetamine. A DCI agent fitted the CI with a wire, and the CI drove to a home in Campbell County where he met with the appellant. The CI gave the appellant $400 and in exchange received two grams of methamphetamine in a zip-loc baggie. The CI took the methamphetamine to the DCI office and an agent paid him $100 for his cooperation and assistance.

[¶ 4]  A few days later, the CI contacted the appellant again about purchasing methamphetamine. The CI met the appellant outside of a bar, where the appellant gave the CI a tennis ball that contained a baggie filled with methamphetamine. The CI then took the tennis ball to the DCI office, and was again compensated $100 for his cooperation. The appellant was charged with two counts of delivery of methamphetamine. A jury found the appellant guilty of both counts, and the district court sentenced her to four-to-seven-years imprisonment.

## DISCUSSION

*Did the district court abuse its discretion when it allowed the CI to testify at trial, even though the CI's telephone number was not provided to defense counsel?*

[¶ 5]  The appellant challenges the district court's decision to allow the CI to testify at trial because, although defense counsel knew the CI's name well before the trial began, the CI's telephone number was not provided to defense counsel. We will not disturb a district court's decision on whether to allow particular evidence or testimony at trial absent an abuse of discretion. *Boykin v. State*, 2005 WY 15, ¶ 5, 105 P.3d 481, 482 (Wyo.2005). "An abuse of discretion occurs when it is shown the trial court reasonably

could not have concluded as it did." *Id.* at ¶ 5, 105 P.3d at 482–83.

[¶ 6]   As routinely done in criminal cases, the district court entered a criminal case management order, which contained the deadlines and dates for various matters in the case.   That order required the parties to disclose, no less than three working days before the pretrial conference, a list of trial witnesses with a summary of the expected testimony.   In response to that order, the State informed the appellant that it planned to call a witness identified as "Confidential Informant" who "may testify regarding his/her relationship with the [appellant], his/her knowledge of the facts surrounding the case, and any and all other matters within his/her knowledge having relevance to this case." After the pretrial conference, the district court filed a memorandum memorializing the conference, which stated:

> The State avers it has informed defense counsel of the name of said CI and will shortly provide a telephone number of the CI to defense counsel.   The State, at least at this stage of the proceedings, is loathe to publicly identify the CI. Defense counsel interposes no objection to this approach at the present time.

[¶ 7]   On the first day of trial, defense counsel objected to the CI's proposed testimony because, despite the prosecutor's statement at the pretrial conference and after several requests by defense counsel, the CI's telephone number was never provided to defense counsel.[1]   Defense counsel also informed the court that, approximately five days before trial, the State represented it had told the CI that defense counsel wished to interview him, and the CI indicated that he did not want to meet with defense counsel. The prosecutor acknowledged that he did not provide the phone number after originally stating he would and explained that he made the decision out of concerns for the CI's safety.   The prosecutor informed the district court that recordings of the controlled buys between the CI and the appellant were circulated within the community.   It was the prosecutor's belief that they were being circulated in an attempt to identify and confront the

CI. As a result of the disclosure, the prosecuting attorney's office instituted a policy that the defense could listen to the recordings at the prosecuting attorney's office. Further, the prosecutor would make arrangements for defense counsel to interview the CI, if the CI so agreed.

[¶ 8]   While the district court expressed concern about the issue being raised the morning of trial and the fact that the State was essentially an "interlocutor" for a witness, it determined that the CI could testify. The district court was satisfied that the prosecutor had a valid reason for not releasing the CI's telephone number, but had a procedure to make the CI available, and that the defense attorney knew the informant's name. Further, the district court found that the CI did not wish to speak with defense counsel, which was well within the CI's rights.

[¶ 9]   "A criminal defendant does not have a general constitutional right to discovery.   Instead, his discovery rights are governed by statute, rule and court order." *Ceja v. State*, 2009 WY 71, ¶ 13, 208 P.3d 66, 68 (Wyo.2009).   Rule 16 of the Wyoming Rules of Criminal Procedure governs the extent of discovery in a criminal case, and contact information for a witness is not a required disclosure under that rule.   *See* W.R.Cr.P. 16.   Further, in the criminal case management order, the district court only required the parties to provide a list of the witnesses and a summary of the expected testimony of each.   The prosecutor complied with that order.

[¶ 10]   We are somewhat troubled with the fact that the prosecutor represented to defense counsel at the pretrial conference that the CI's phone number would be forthcoming, and then did not follow through with that representation.   However, we believe the record supports the district court's conclusion that the prosecutor had a legitimate reason for withholding the telephone number.   The prosecutor informed the district court that the recordings of the controlled buys were being circulated in the community in an attempt to identify and confront the CI. Due to that behavior and the safety concerns

---

1.   The pretrial conference was held on March 23, 2011, and the trial commenced on May 23, 2011.

of individuals who are cooperating with the State, the prosecuting attorney's office created a policy prohibiting the release of CI contact information. Defense counsel did not dispute any of these allegations. We believe that the safety of the CI was a legitimate reason to withhold the telephone number, particularly because it was information that the prosecutor was not required to produce under the discovery rules.

[¶ 11] The appellant argues that the prosecutor's actions were a deliberate attempt to "hamper defense access" to the witness. "As a general rule, a witness belongs neither to the government nor to the defense. Both sides have the right to interview witnesses before trial." *United States v. Carrigan*, 804 F.2d 599, 603 (10th Cir.1986) (citations omitted). However, the right to interview a witness "exists co-equally with the witnesses' right to refuse to say anything." *United States v. Black*, 767 F.2d 1334, 1338 (9th Cir.1985) (citations omitted). A prosecutor "may not interfere with a witness's free choice to speak with the defense," but it is not improper for the prosecutor to inform the witness that he may decline any interviews. *Id.*

[¶ 12] Here, the record does not show that the prosecutor deliberately interfered with the appellant's right to interview the CI. Instead, it shows that defense counsel knew the informant's name approximately two months before trial and, that while the prosecutor did not provide the CI's telephone number, he did tell the CI that defense counsel wanted to interview him. The prosecutor did not tell the CI he should refuse to be interviewed. He told the CI that it was his decision whether he wanted to speak with defense counsel. The CI declined to be interviewed. The appellant's right to interview the CI was not violated when the CI voluntarily decided not to speak with defense

counsel. *Black,* 767 F.2d at 1338. Therefore, the district court did not abuse its discretion when it determined the CI could testify at trial.

### *Did the district court violate the appellant's right to a jury trial when it considered the appellant's failure to accept responsibility for her criminal conduct at sentencing?* [2]

[¶ 13] The appellant claims that the district court violated her right to a jury trial when it considered her failure to accept responsibility for her criminal conduct at the sentencing hearing. This issue is being brought for the first time on appeal and, therefore, our review is limited to a search for plain error:

> Even when constitutional error is alleged, each criterion must be satisfied or a claim for review under the plain-error doctrine will fail. To establish plain error, the appellant must prove (1) the record clearly reflects the alleged error; (2) the existence of a clear and unequivocal rule of law; (3) a clear and obvious transgression of that rule of law; and (4) the error adversely affected a substantial right resulting in material prejudice to him.

*Rathbun v. State,* 2011 WY 116, ¶ 28, 257 P.3d 29, 38 (Wyo.2011) (quoting *Zumberge v. State,* 2010 WY 111, ¶ 4, 236 P.3d 1028, 1030 (Wyo.2010)).

[¶ 14] We readily find that the appellant has failed to carry her burden under the plain error standard of review. The appellant relies solely upon this Court's opinion in *Guinn v. State,* 2009 WY 15, 201 P.3d 423 (Wyo.2009), to demonstrate that the district court punished her for exercising her right to a jury trial. In *Guinn,* we reversed the appellant's sentence after finding that the district court suggested it was imposing a

---

2. A cursory review of the nationwide case law on this type of issue demonstrates that it is far more common to challenge a sentencing court's consideration of one's "acceptance of responsibility" as a violation of the Fifth Amendment to the United States Constitution, specifically one's right to remain silent and not incriminate himself. *See, e.g., State v. Willey,* 163 N.H. 532, 44 A.3d 431, 443 (2012); *Green v. State,* 84 So.3d 1169, 1171–72 (Fla.Dist.Ct.App.2012); *State v.*

*Trujillo,* 227 Ariz. 314, 257 P.3d 1194, 1197–99 (Ariz.Ct.App.2011). However, the appellant chose to raise this issue solely as a violation of her Sixth Amendment right to a jury trial. Since she has not raised the Fifth Amendment issue at trial or in her appeal, the issue is waived and we will only consider whether there was a violation of her right to a jury trial. *See Smith v. State,* 2009 WY 2, ¶ 32, 199 P.3d 1052, 1061 n. 1 (Wyo.2009).

harsher sentence because the appellant chose to exercise his right to a jury trial instead of pleading guilty. *Id.* at ¶ 7, 201 P.3d at 424–25. Here, the appellant claims that the district court similarly violated her right to a jury trial when it stated at sentencing that it was influenced by the fact that the appellant "has really never accepted responsibility here for what she was convicted of." A review of the sentencing transcript in its entirety clearly demonstrates that the district court was not referring to the appellant's decision to exercise her right to a jury trial.

[¶ 15] At the sentencing hearing, the prosecutor made the following statement to the court:

[PROSECUTOR]: Your Honor, [the appellant] comes before the court having been convicted of two counts of delivery of methamphetamine, and notwithstanding [the] substantial evidence elicited at trial, and also the evidence referenced by Agent Hipsag today, she maintains that apparently it is a conspiracy, and she wasn't really involved in all of this, and she has refused to accept any responsibility for her actions.

When the appellant was given the opportunity to speak to the district court at sentencing, she stated "... I still do stick to the fact that I was innocent in this."

[¶ 16] When imposing sentence, the district court did consider that the appellant had not accepted responsibility for her actions; however, there is nothing in the record to indicate that the comment was directed at her decision to go to a jury trial. Instead, it appears to be directed toward the fact that, despite the evidence presented against her at trial and the fact that a jury found her guilty, she still maintained that she was innocent. A district court "is given broad discretion to consider a wide variety of factors about the defendant and his crime." *Manes v. State,* 2004 WY 70, ¶ 9, 92 P.3d 289, 292 (Wyo.2004). We have previously recognized that a defendant's failure to accept responsibility for her criminal activity is an appropriate factor to consider at sentencing. *See Frederick v. State,* 2007 WY 27, ¶ 27, 151 P.3d 1136, 1145 (Wyo.2007); *Doherty v. State,* 2006 WY 39, ¶ 35, 131 P.3d 963, 974 (Wyo.2006); *see also State v. Birch,* 979

So.2d 643, 648 (La.Ct.App.2008) ("The defendant's letter detailing his denial of responsibility can be regarded as a lack of remorse, and lack of remorse is a proper sentencing consideration.").

[¶ 17] Here, the record shows that the district court properly exercised its discretion when imposing sentence. It considered the seriousness of the charges, the fact that the appellant was connected to a major drug dealer, her decision not to take responsibility for her conduct after conviction, and the ability to rehabilitate the appellant. After considering these factors, the district court sentenced the appellant to a term of imprisonment of four-to-seven years-far less than the maximum term of twenty years. *See* Wyo. Stat. Ann. § 35-7-1031 (Lexis Nexis 2011). In *Guinn,* the district court clearly expressed that a defendant who does not plead guilty (i.e. chooses to exercise his right to a jury trial) will be viewed more harshly than a defendant who chooses to plead guilty. *Guinn,* 2009 WY 15, ¶ 5, 201 P.3d at 424. Here, there is nothing in the record to even remotely suggest that the district court punished the appellant more severely for exercising her right to a jury trial. Therefore, we affirm the appellant's sentence.

## CONCLUSION

[¶ 18] The district court did not abuse its discretion when it allowed the CI to testify at trial, although the CI's telephone number was not previously provided to defense counsel. Additionally, the district court did not violate the appellant's right to a jury trial when it considered the appellant's failure to accept responsibility for her criminal activity at sentencing. Therefore, we affirm the appellant's conviction and sentence.