2012 WY 143

**Jason James JORESKI, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–12–0066.**

Supreme Court of Wyoming.

Nov. 14, 2012.

Representing Appellant: Diane Lozano, State Public Defender and Tina N. Olson, Chief Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Joshua Eames, Student Intern.

Before KITE, C.J., HILL, VOIGT, BURKE, JJ., and GOLDEN, J., Retired.

HILL, Justice.

[¶ 1]   Jason Joreski entered an *Alford* plea to three counts of first degree sexual abuse of a minor and one count of third degree sexual abuse of a minor.  The *Alford* plea allowed Joreski to enter a guilty plea without allocuting or otherwise admitting his participation in the crimes.  During Joreski's sentencing hearing, the district court cited to a number of factors that influenced the court's sentencing decision and then commented on Joreski's flippancy and lack of remorse before announcing its decision. Joreski challenges the sentence, contending that the district court violated his constitutional right against self incrimination by using his silence as evidence of a lack of remorse.  We affirm.

### ISSUE

[¶ 2]   Joreski presents a single issue on appeal:

> Did the trial court err in considering [Joreski's] lack of remorse at sentencing, when [Joreski] entered an *Alford* plea, and declined at sentencing to allocute?

### FACTS

[¶ 3]   On May 22, 2011, the Mills, Wyoming police department was called to respond to a family dispute.  Joreski's fifteen year old daughter, C.J., had run away from home to her grandparents' home.  When the police reported to the grandparents' address, the grandparents reported that Joreski had shown up, dragged his daughter from their residence, forced her into his minivan and left the residence.  A short time later, Joreski returned his daughter to the grandparents' residence.

[¶ 4]   On May 24, 2011, C.J.'s grandmother reported to a Mills police officer that C.J.

had disclosed to her that she had been sexually abused by Joreski. C.J. was thereafter interviewed, and her reported abuse was investigated. On June 8, 2011, Joreski was charged with twenty counts relating to the sexual abuse of his daughter beginning in 2007 and continuing into 2011.

[¶ 5] On July 28, 2011, Joreski pled not guilty to all counts. On September 9, 2011, following plea negotiations with the State, Joreski changed his plea and entered an *Alford* guilty plea to Counts One, Two, and Four, each of which charged him with first degree sexual abuse of a minor in violation of Wyo. Stat. Ann. § 6–2–314(a)(ii), and to Count Three, which charged him with third degree sexual abuse of a minor in violation of Wyo. Stat. Ann. § 6–2–316(a)(iv). In exchange for Joreski's plea, the State dropped the remaining charges and agreed to cap its requested sentence at a maximum of twenty-five years, with Joreski permitted to argue for a shorter sentence.

[¶ 6] After the district court advised Joreski of his rights and the consequences of an *Alford* plea, the State set out the factual basis for the plea. Neither Joreski nor his counsel objected to the sufficiency of the State's factual basis, and the district court found the State's factual basis to be "strong evidence of Mr. Joreski's actual guilt to the crimes charged." The district court then accepted Joreski's guilty plea.

[¶ 7] On December 16, 2011, the district court held a sentencing hearing. Consistent with its plea agreement, the State requested a sentence of twenty to twenty-five years for Counts One, Two, and Four, and a sentence of thirteen to fifteen years for Count Three, all to run concurrently. Counsel for Joreski argued for a sentence of five to ten years for each count, again to run concurrently. Following argument by counsel, the district court gave Joreski an opportunity to speak:

THE COURT: ... Mr. Joreski, you have an opportunity to speak before sentence is pronounced. Is there anything you'd like to say?

THE DEFENDANT: I don't think so, Your Honor. Just to, just to, to express my, you know, apologies to anybody that this has, you know, affected directly.

And any time I see them asking, or anything like that, it's not my attention. It's a very foreign land to me, if you will.

I've never been in anything like this. Juvenile matter when I was 15, 16.

So,—But, it was nothing like this. So, yeah.

[¶ 8] After hearing argument from counsel and the comments from Joreski, the district court ruled as follows:

THE COURT: Like I said, I've reviewed the Presentence Investigation Report and the letters that were filed on behalf of Mr. Joreski, and I have read the Victim Impact Statement that was provided in the PSI by the Victim in this case. It is compelling, to say the very least.

The nature of these offenses have been designated as some of the most serious crimes in Wyoming by the State Legislature. First-degree sexual abuse of a minor carries with it a maximum potential penalty of not more than 50 years.

That is a recognition by the State Legislature that, as I said, these are some of the most serious crimes committed against some of the most vulnerable victims in our community.

Mr. Joreski has pled to three separate Counts of first-degree sexual abuse of a minor, and a third-degree-sexual-abuse-of-a-minor charge. What occurred between Mr. Joreski and the Victim in this case can only be characterized as chronic sexual abuse. Chronic sexual abuse.

The relationship that you had, Mr. Joreski, with your victim is a very special relationship. A father is supposed to protect his child.

A father is supposed to protect his daughter from harm. You've failed in that miserably, Mr. Joreski.

Instead of protecting your daughter, you victimized her over and over and over again for a period of years. You've victimized her in almost every way possible, and you victimized her with unspeakable brutality.

What you did to your child will stay with her for the rest of her life. It has impact-

ed her to a degree that I don't think you recognize, sir.

You have not shown remorse, and, quite frankly, your attitude throughout this entire process has been almost flippant. It is with all of those considerations in mind that for your conviction, sir, on Count 1, I sentence you to 22 to 24 years in the Wyoming State Penitentiary; for Count 2, 22 to 24 years; and Count 4, 22 to 24 years in the State Penitentiary.

For Count 3 I sentence you to 12 to 15 years in the Wyoming State Penitentiary. You should receive credit for one day that you previously served.

[¶ 9] On January 11, 2012, the district court issued an Order to Correct Sentence, pursuant to a stipulated motion for correction of the sentences for first degree sexual abuse. The order adjusted the sentences from the originally ordered twenty-two to twenty-four years to corrected sentences of twenty-one years, seven months to twenty-four years. On that same date, the court entered the Judgment and Sentence from which Joreski appeals.

## STANDARD OF REVIEW

[¶ 10] We review a challenge to a district court's sentencing decision using the following standard of review:

We review a district court's sentencing decisions for abuse of discretion. *Roeschlein v. State*, 2007 WY 156, ¶ 17, 168 P.3d 468, 473 (Wyo.2007). A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. *Id.* An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. *Id.* The party who is appealing bears the burden to establish that an error was prejudicial. *Id.*

1. An *Alford* plea is "a plea that allows an accused to voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

*Noller v. State*, 2010 WY 30, ¶ 7, 226 P.3d 867, 869 (Wyo.2010).

[¶ 11] Joreski did not lodge an objection during the sentencing hearing and raised his contention of error for the first time on appeal. We therefore use a plain error analysis in reviewing the claimed sentencing error. *See Jones v. State*, 2012 WY 82, ¶ 15, 278 P.3d 729, 733 (Wyo.2012); *Rathbun v. State*, 2011 WY 116, ¶ 28, 257 P.3d 29, 38 (Wyo.2011). To show plain error, an appellant "must establish, by reference to the record, a violation of a clear and unequivocal rule of law in a clear and obvious, not merely arguable, way and that the violation adversely affected a substantial right resulting in material prejudice." *Jealous v. State*, 2011 WY 171, ¶ 11, 267 P.3d 1101, 1104 (Wyo.2011) (citing *Cazier v. State*, 2006 WY 153, ¶ 10, 148 P.3d 23, 28 (Wyo.2006)). To establish material prejudice, an appellant "must show a reasonable possibility exists that he would have received a more favorable verdict in the absence of the errors." *Jealous*, ¶ 11, 267 P.3d at 1104 (citing *Pendleton v. State*, 2008 WY 36, ¶ 11, 180 P.3d 212, 216 (Wyo.2008)).

## DISCUSSION

[¶ 12] Joreski asserts that he pled guilty using an *Alford* plea to retain his right to remain silent and against self incrimination.[1] He argues then that the district court violated his constitutional right against self incrimination by using his silence during the sentencing hearing to infer a lack of remorse and by imposing a longer sentence based on that perceived lack of remorse. We find no plain error in the district court's sentencing decision.

[¶ 13] This Court has recognized that a district court has broad discretion to consider a wide range of factors about the defendant and the crime when imposing sentence. *Noller*, ¶ 13, 226 P.3d at 871 (citing *Thomas v. State*, 2009 WY 92, ¶ 10, 211 P.3d 509, 512 (Wyo.2009)).

*Kurtenbach v. State*, 2008 WY 109, ¶ 7, 192 P.3d 973, 976 (Wyo.2008) (citing *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)).

They are free, in the exercise of their sentencing discretion, to consider victim impact statements, PSIs and other factors relating to the defendant and his crimes in imposing an appropriate sentence within the statutory range. *Garcia v. State,* 2007 WY 48, ¶ 10, 153 P.3d 941, 944 (Wyo.2007), citing *Smith v. State,* 2005 WY 113, ¶ 37, 119 P.3d 411, 422 (Wyo.2005). Trial courts are permitted to consider a defendant's character when exercising their discretion to impose sentence. *Doherty,* ¶ 35, 131 P.3d at 974. In evaluating character, the trial court may consider a broad range of reports and information. *Gorseth v. State,* 2006 WY 109, ¶ 15, 141 P.3d 698, 703 (Wyo. 2006). A defendant's cooperation with authorities and remorse for his actions are appropriate factors to be considered when imposing sentence. *Dodge v. State,* 951 P.2d 383, 386 (Wyo.1997). A sentencing recommendation contained in a PSI is one of the factors that a court may properly consider in determining the appropriate sentence to impose. *Duke v. State,* 2009 WY 74, ¶ 15, 209 P.3d 563, 569 (Wyo.2009). *Noller,* ¶ 13, 226 P.3d at 871; *see also Johnson v. State,* 2012 WY 112, ¶ 16, 283 P.3d 1145, 1149 (Wyo.2012) ("We have previously recognized that a defendant's failure to accept responsibility for her criminal activity is an appropriate factor to consider at sentencing.") (citing *Frederick v. State,* 2007 WY 27, ¶ 27, 151 P.3d 1136, 1145 (Wyo.2007); *Doherty v. State,* 2006 WY 39, ¶ 35, 131 P.3d 963, 974 (Wyo.2006)).

[¶ 14] Our precedent is clear that a defendant's lack of remorse is an appropriate factor for a court to consider at sentencing. The question is whether the district court committed plain error in using lack of remorse as a factor in this case where Joreski entered an *Alford* plea and chose to remain silent on the factual basis for the charges to which he pled guilty.

[¶ 15] In support of his argument that the district court's remorse finding infringed on his right to remain silent, Joreski cites to *Mitchell v. United States,* 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999). In *Mitchell,* the U.S. Supreme Court held that a defendant does not waive his right to remain silent during a sentencing hearing by entering a guilty plea. *Mitchell,* 526 U.S. at 316–317, 119 S.Ct. at 1309. The Court then concluded that holding a defendant's silence against him in determining the facts of the crime, for purposes of sentencing, "imposed an impermissible burden on the exercise of the constitutional right against compelled self-incrimination." *Id.* at 330, 119 S.Ct. at 1316. The Court also stated, however, "Whether silence bears upon the determination of a lack of remorse ... is a separate question. It is not before us, and we express no view on it." *Id.* at 330, 119 S.Ct. at 1316. Thus, in *Mitchell* the Supreme Court did not reach the question Joreski presents in this appeal, that is, whether inferring a lack of remorse from a defendant's silence during sentencing infringes on that defendant's right against self incrimination.

[¶ 16] Nor do we need to reach the question in this appeal. Under a plain error analysis, the appellant is required to establish that the record clearly reflects the alleged error. *Jones,* ¶ 15, 278 P.3d at 733. In this case, that means Joreski must establish that the district court found a lack of remorse based solely upon his silence. Joreski cannot meet that burden because, although Joreski entered an *Alford* plea and remained silent as to the factual basis for his guilty plea, he did not maintain that silence during his sentencing. In response to the district court's inquiry during sentencing whether Joreski wished to make a statement, Joreski did not assert his right to remain silent. He instead stated, "I don't think so, Your Honor. Just to, just to, to express my, you know, apologies to anybody that this has, you know, affected directly." Given that his statement to the district court included an apology of sorts, Joreski cannot establish that the district court's determination that Joreski was flippant and lacked remorse was drawn from his silence rather than from his statement.

[¶ 17] Even if the record did support a finding that the district court inferred a lack of remorse from Joreski's silence, we would nonetheless reject Joreski's claim of plain error. In addition to requiring Joreski to establish that the record clearly reflects the alleged error, the plain error analysis

requires that Joreski show that he was materially prejudiced by the court's finding of a lack of remorse. *See Jones*, ¶ 15, 278 P.3d at 733 (third prong of plain error analysis requires a showing that defendant was materially prejudiced by denial of substantial right). Joreski cannot make that required showing.

[¶ 18] The district court identified a number of factors that it relied upon in reaching its sentencing decision. Those factors included the Victim Impact Statement, which the court described as "compelling, to say the very least." The court also cited the "chronic sexual abuse" Joreski perpetrated upon his daughter; the lifelong scars resulting from the abuse; the "unspeakable brutality" of the sexual abuse; the victim's vulnerability and the fact that the sexual abuse was perpetrated on his own daughter, who Joreski was supposed to protect; and the legislature's decision to allow up to fifty years of imprisonment as reflecting the seriousness of Joreski's crimes. It is simply impossible for us to conclude, based upon this record, that it was Joreski's lack of remorse, rather than the other substantial factors, that motivated the district court to reject Joreski's sentencing recommendation and impose instead a sentence of twenty-two to twenty-four years imprisonment.

### CONCLUSION

[¶ 19] Joreski has not established that the district court inferred a lack of remorse based on his silence, and we therefore do not address the question whether such an inference would infringe on a defendant's right against self incrimination. Moreover, we find no plain error in the district court's sentencing decision. Affirmed.