755 P.2d 1311

Leslie K. STEDTFELD, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 17167.

Court of Appeals of Idaho.

May 31, 1988.

R. Ted Israel, Pocatello, for petitioner-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order denying an application for post-conviction relief. The appellant, Leslie Stedtfeld, contends that disparity between two sentences he received for separate robberies indicates he was penalized for exercising his right to a jury trial on one of those charges; that the judge who was presented with the post-conviction application was biased against Stedtfeld and should have granted Stedtfeld's motion for disqualification rather than considering the application; and, finally, the judge erred in dismissing the application. We affirm.

The case comes to us with the following background. Leslie Stedtfeld pled guilty to armed robbery of a grocery in Blackfoot, Idaho. Soon thereafter, a jury found Stedtfeld guilty of a similar robbery of a Pocatello grocery. Stedtfeld was sentenced initially to an indeterminate thirty-year term for the Pocatello robbery and to a concurrent ten-year indeterminate term for the crime in Blackfoot. The sentence for the Blackfoot robbery was imposed by former District Judge Beebe sitting in Bingham County. District Judge McDermott in Bannock County presided over the trial and imposed the sentence arising from the Pocatello robbery. On direct appeal, the sentence for the Pocatello robbery was affirmed. *See State v. Stedtfeld*, 108 Idaho 695, 701 P.2d 315 (Ct.App.1985) (hereinafter *Stedtfeld I*). Stedtfeld did not appeal from the judgment of conviction for the Blackfoot robbery. Later, pursuant to an I.C.R. 35 motion, Judge McDermott reduced the thirty-year sentence for the Pocatello robbery, to an indeterminate seventeen years. After that sentence had been reduced, Stedtfeld filed an application for post-conviction relief with respect to the Pocatello robbery. The denial of that application gave rise to this appeal.

The facts surrounding the Pocatello robbery are set forth in *Stedtfeld I*. For purposes of this appeal, it is sufficient to note that both robberies occurred within approximately a one-week period; that Stedtfeld utilized the same firearm, a .22 caliber pistol, in both robberies; that each robbery took place late at night; and that generally the same method was used— Stedtfeld entered each store by way of an unlocked door and threatened the employees with the weapon. In the first robbery, at the Pocatello grocery, Stedtfeld apparently worked alone and escaped with $500 in cash. At the Blackfoot store Stedtfeld and an accomplice aborted the robbery when employees indicated the store's safe could not be opened. Police captured Stedtfeld's accomplice at the scene, but Stedtfeld escaped by fleeing on foot. Stedtfeld's automobile was found nearby. He was arrested shortly thereafter.

In the Blackfoot proceeding, Stedtfeld pled guilty soon after the trial commenced. But in the Pocatello prosecution Stedtfeld continued to assert his innocence throughout the proceeding, including at sentencing. A combination of post-sentence motions and appeals followed which resulted in a seventeen-year indeterminate sentence for the Pocatello robbery and a concurrent ten-year indeterminate sentence for the Blackfoot robbery. These sentences included enhancements of five years and three years, respectively, for use of a firearm in the crimes. *See* I.C. § 19–2520. Stedtfeld filed a "petition for post-conviction relief" and a "motion to disqualify" Judge McDermott, the sentencing judge in Pocatello, from hearing his petition. Following oral argument, Judge McDermott declined to disqualify himself, and subsequently denied the application for post-conviction relief. We begin by reviewing the court's denial of the "motion to disqualify."

I

When a post-conviction proceeding is assigned to the judge who entered the challenged judgment of conviction or sen-

tence, that judge may not be disqualified without cause. I.C.R. 25(a)(9)(ii); I.R.C.P. 40(d)(1)(I)(ii). Disqualification for cause may be grounded upon: (1) the judge being a party or having an interest in the action or proceeding; (2) the judge being related to either party by consanguinity or affinity within the third degree; (3) the judge having been counsel or attorney for any party in the action or proceeding; (4) or the judge being biased or prejudiced for or against any party or his or her case in the action. I.C.R. 25(b). In an accompanying affidavit Stedtfeld asserted that a harsher sentence had been imposed for the Pocatello robbery and was repeatedly reaffirmed by Judge McDermott because Stedtfeld had exercised his constitutional right to remain silent, right to trial by jury, and right to due process of law. Stedtfeld expressed the belief that the judge's continued refusal to correct this alleged error reflected bias and prejudice against any legitimate claim, and foreclosed any possibility of success on the post-conviction application if the same judge heard the application. Following a hearing, the court characterized Stedtfeld's assertions as "general allegations" and ruled in a memorandum decision:

> This Court is not biased or prejudiced against Mr. Stedtfeld, in any manner whatsoever, and has presided on this case since April 25, 1983, when Mr. Stedtfeld first appeared for arraignment in District Court. This Court presided over the jury trial held in this matter, and personally observed all witnesses testifying herein, including the victims of Mr. Stedtfeld's conduct during the commission of the robbery. There is no reason whatsoever, why another District Judge should be required to become familiar with these proceedings.

> Petitioner's Motion to Disqualify this Court for cause is herewith DENIED.

The movant bears the burden of distinctly stating grounds for disqualification if the designated judge also entered the challenged judgment of conviction or sentence. I.C.R. 25(c); *see also Bell v. Bell,* 18 Idaho 636, 111 P. 1074 (1910). The fact that a judge previously has ruled against the movant on a related issue does not demonstrate prejudice on the judge's part. *Bell v. Bell, supra.* After reviewing the affidavits presented and counsel's oral argument before the judge, we conclude that Stedtfeld failed to demonstrate bias on the part of Judge McDermott.

Prior to the motion to disqualify in the post-conviction relief proceeding, this judge had been presented with motions in the criminal case (a) to reduce, and (b) to correct, the sentence. Despite our affirmance of the original sentence, the court granted both motions, albeit reducing the sentence to a term which remained longer than Stedtfeld would have preferred. The reason for the reduction in Stedtfeld's sentence is not indicated in the record before us. The correction evidently was ordered to comply with our decision in *State v. Money,* 109 Idaho 757, 710 P.2d 667 (Ct. App.1985), holding that a firearm enhancement imposes an additional term instead of an additional sentence.

Stedtfeld's motion to reduce his sentence referred only to his performance at the state correctional institute. A subsequent motion by Stedtfeld to reconsider and to grant further reduction of his sentence was denied by Judge McDermott, but the record on appeal does not indicate the nature of the arguments presented to the judge when he heard that motion. Be that as it may, we are not persuaded that a judge's prior rejection of a legal argument would constitute, *ipso facto,* the type of prejudice or bias against an applicant's case envisioned by I.C.R. 25(b)(4). Although Stedtfeld now characterizes his allegation against the judge as one of vindictive sentencing, in fact his affidavit simply referred to a belief that "Judge McDermott is biased and prejudiced against any legitimate claims I may have and cannot successfully rule on the constitutionality of the sentence he imposed." Other than a failure to impose the same term of sentence as Judge Beebe in the Blackfoot case, Stedtfeld offered no

evidence or other reasoning indicating that Judge McDermott was biased against his case. We hold that Judge McDermott did not err by refusing to disqualify himself.

II

Stedtfeld contends that because Judge Beebe in Bingham County chose to order a ten-year indeterminate sentence for a nearly identical crime, the additional period of Judge McDermott's sentence must have resulted from Stedtfeld's exercise of his constitutional right to trial and refusal to incriminate himself or to admit his guilt following conviction. He argues that all other factors—the crime, the harm done, his prior record, and the content of the presentence investigator's reports—were equivalent in both robbery convictions. Aside from the disparity in sentencing, Stedtfeld points to no evidence of such motivation on behalf of Judge McDermott. We view the issue as whether the sentence is unlawful due to alleged vindictiveness; the length of the sentence, per se, is not an issue properly raised in a post-conviction relief application. *Ramirez v. State*, 113 Idaho 87, 741 P.2d 374 (Ct.App.1987).

On the question of vindictiveness, Stedtfeld calls our attention to federal decisions holding that (1) a harsher sentence for refusing to waive Fifth Amendment rights imposes a penalty for exercising that right and requires that the sentence be vacated, *Thomas v. United States*, 368 F.2d 941 (5th Cir.1966), (2) a defendant may not be sentenced to a stiffer penalty following a new trial for exercising a right to appeal, *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and (3) a harsher sentence cannot be imposed for putting the state to its burden of proof by exercising the right to trial. *United States v. Stockwell*, 472 F.2d 1186 (9th Cir.), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

To show a violation of due process, the petitioner must demonstrate the judge's vindictiveness or intent to punish him for exercising his rights. *State v. Regester,*

106 Idaho 296, 678 P.2d 88 (Ct.App.1984). A disparity in sentencing among co-defendants in the same criminal activity does not make the harsher sentence *per se* excessive or an abuse of discretion. *State v. Seifart, supra; see also United States v. Vita,* 209 F.Supp. 172 (E.D.N.Y.1968). An allegation of vindictiveness presents a subtle and narrow question. To determine whether a sentence was vindictively imposed, we look to the totality of the circumstances and examine the words and actions of the judge as a whole. *State v. Regester, supra.*

The original thirty-year sentence for this crime (the Pocatello robbery) was imposed after Stedtfeld had pled guilty to the Blackfoot robbery, but before Judge Beebe announced the sentence for that crime. Conversely, Judge Beebe was aware of both the Pocatello conviction and the thirty-year sentence when ordering a ten-year concurrent sentence for the Blackfoot robbery.

 When denying Stedtfeld's application for post-conviction relief, Judge McDermott explained that his sentence had been based upon the circumstances surrounding the crime and expressly was not intended to punish Stedtfeld for exercising his right to trial. He referred to Stedtfeld's continued assertion of innocence in the context of rehabilitation potential. Although a refusal to admit guilt usually should not be given much weight, a sentencing judge need not wholly ignore the issue when weighing the defendant's rehabilitation potential. *State v. Lawrence,* 112 Idaho 149, 730 P.2d 1069 (Ct. App.1986).

Although Stedtfeld's crimes were very similar, there were distinguishing features. Unlike the Pocatello robbery, in Blackfoot Stedtfeld worked with an accomplice and failed to complete the crime. Each judge reviewed a slightly different presentence report and different victim testimony. Each judge formed his own personal impression of the defendant. When denying Stedtfeld's application for post-conviction relief, Judge McDermott rejected the argument that a sentence imposed on a defend-

ant for a similar crime cannot exceed a less punitive penalty imposed by another court.

Neither can we accept the assertion that a sentencing judge should act as an automaton, who would exactly conform a sentence to that of another judge. On the contrary, trial judges are vested with sentencing discretion so that they can apply their own judgment and experience to the task of independently sentencing each defendant that comes before them. Having examined the Judge McDermott's comments, both at the original sentencing and in response to the application for post-conviction relief, we are convinced that he did not impose a harsher sentence because Stedtfeld exercised his constitutional rights, but instead the judge properly applied his own discretion to the facts before him.

The orders denying Stedtfeld's disqualification motion and his post-conviction application are affirmed.

BURNETT and SWANSTROM, JJ., concur.