IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39181

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Opinion No. 65 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 10, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHARLES LEO BAKER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction and concurrent, unified ten-year sentences, with two years determinate, for sexual battery of a minor child sixteen or seventeen years of age and attempted rape, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

GUTIERREZ, Judge

Charles Leo Baker appeals from his judgment of conviction and sentences for one count of sexual battery of a minor child sixteen or seventeen years of age and one count of attempted rape, imposed following the entry of an *Alford*[1] plea and an unconditional guilty plea, respectively. Specifically, Baker argues the district court violated his right to due process by imposing a vindictive sentence for the sexual battery conviction based on Baker's entry of the *Alford* plea. Baker also asserts his sentences are excessive. For the reasons set forth below, we affirm.

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

# I.
## FACTS AND PROCEDURE

In February 2010, Baker drove his fiancé's high-school-age son to a party at the house of one of the son's friends. Baker lingered at the party. A witness stated she saw Baker kissing two of the high school girls and asked Baker to leave. Baker then went out to his vehicle, a van, but did not depart. A short time later, one of the high school girls went to talk to Baker while he was in his van. Once the girl was there, Baker pulled the sixteen-year-old victim into the van, got on top of her, pinned her down, and proceeded to grope the victim's breasts and vagina. The victim screamed for help and was heard by others at the party. Those who came to the van found it locked. However, the son of Baker's fiancé was able to get the van open and the witnesses saw Baker, with his pants and underwear down, attempting to have sex with the victim. A witness hit Baker with a flashlight to get him off of the victim and pulled the victim out of the vehicle.

The State charged Baker with sexual battery of a minor child sixteen or seventeen years of age, attempted rape, and penetration with a foreign object. Pursuant to a nonbinding plea agreement, Baker entered guilty pleas to sexual battery of a minor child sixteen or seventeen years of age, Idaho Code § 18-1508A(1)(c), and attempted rape, Idaho Code §§ 18-6101(1), (3) and (4), 18-306, and the State moved to dismiss the charge of penetration with a foreign object. The district court accepted Baker's *Alford* plea to the sexual battery and an unconditional guilty plea to the attempted rape, entered a judgment of conviction, and imposed concurrent, unified ten-year sentences, with two years determinate, for each count. Baker timely appeals and argues the district court imposed a vindictive sentence based on Baker's entry of an *Alford* plea to the sexual battery and also imposed excessive sentences on both counts.

# II.
## ANALYSIS

### A.    Vindictive Sentence

Baker asserts the district court imposed a vindictive sentence for the sexual battery conviction because Baker entered an *Alford* plea and the trial court found *Alford* pleas problematic in cases involving sex crimes, although it accepted Baker's plea. Baker did not object to his sentence before the trial court, but he argues the record demonstrates fundamental error. The State responds that a district court, when imposing a sentence, is not prohibited from considering a defendant's continued refusal to accept responsibility for his conduct--one

2

indication of which may be the entry of an *Alford* plea. Moreover, the State argues it is far from clear in the record that the district court imposed the sentence solely because of Baker's entry of the *Alford* plea, as the district court also spoke of acceptance of responsibility and rehabilitative potential.

Because there was no objection before the trial court, we will review Baker's claim of a vindictive sentence, brought for the first time on appeal, for fundamental error. *State v. Robbins*, 123 Idaho 527, 529-30, 850 P.2d 176, 178-79 (1993); *see also State v. Grist*, 152 Idaho 786, 791, 275 P.3d 12, 17 (Ct. App. 2012). To establish fundamental error, the defendant must show the alleged error violates one or more of the defendant's unwaived constitutional rights, the error plainly exists without the need of additional information not contained within the appellate record, and the error affected the outcome of the proceedings. *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010).

In *Robbins*, 123 Idaho at 529, 850 P.2d at 178, the Idaho Supreme Court stated a violation of the right to be free from a vindictive sentence is fundamental because it goes to the foundation or basis of a defendant's rights. The Court stated that, under a fundamental error analysis, it "first must assess whether the error would be fundamental if there were error" and determined that the allegation of a vindictive sentence would meet that standard. *Id*. (quoting *State v. Kenner*, 121 Idaho 594, 597, 826 P.2d 1306, 1309 (1992)). Accordingly, Baker meets the first prong in *Perry* because he asserts the district court imposed a vindictive sentence, which would be a violation of the right to due process. *See Grist*, 152 Idaho at 792, 275 P.3d at 18.

Next, the error must be clear in the record. A presumption of vindictiveness in sentencing only applies where the defendant has successfully appealed a conviction and received a greater sentence by the same district court after a retrial or remand. *See Id*. Here, we will not presume vindictiveness in sentencing because Baker challenges his original sentence. Without the presumption, Baker must show the judge's vindictiveness in sentencing or intent to punish Baker for exercising a right. *Id*. (citing *Stedtfeld v. State*, 114 Idaho 273, 276, 755 P.2d 1311, 1314 (Ct. App. 1988)); *accord State v. Regester*, 106 Idaho 296, 299, 678 P.2d 88, 91 (Ct. App. 1984). A defendant must prove actual vindictiveness. *Robbins*, 123 Idaho at 532, 850 P.2d at 181. We look to the totality of the circumstances when reviewing a record for whether a sentence was imposed vindictively. *State v. Brown*, 131 Idaho 61, 72, 951 P.2d 1288, 1299 (Ct. App. 1998). Our scope of review under the totality of the circumstances is narrowly defined:

3

> [W]e do not view the "totality of circumstances" rule as an invitation for an appellate court to weigh the sentence against the entire record and to treat the vindictiveness issue as merely a question of abuse of sentencing discretion. Rather, we recognize that vindictiveness is a more subtle, narrow question. It focuses upon the sentencing judge's view of the defendant's decision to plead not guilty. That view cannot be determined upon a single remark removed from context. The judge's words and actions must be considered as a whole.

*Regester*, 106 Idaho at 300, 678 P.2d at 92.

Baker's claim that it is clear and obvious from the record that the district court imposed a vindictive sentence fails for two reasons. First, the cases just cited, and the cases on which Baker relies, have applied the above standard where the defendant has pled not guilty and exercised a right to trial. Here, rather than pleading not guilty and bringing the case before a jury, Baker entered an *Alford* plea, waiving his right to trial. We note there is a distinction between the right to a trial and the option of pleading guilty. It is ultimately the choice of the defendant whether or not to exercise his or her right to trial, a right that a trial court cannot deny. *See State v. Key*, 149 Idaho 691, 695-96, 239 P.3d 796, 800-01 (Ct. App. 2010). Conversely, a defendant has no "right" to enter an *Alford* plea, and it is within the trial court's discretion whether to allow and accept such a plea. *Schoger v. State*, 148 Idaho 622, 629, 226 P.3d 1269, 1276 (2010). We do not purport to say that a court's imposition of a harsh sentence *because of* a defendant's entry of an *Alford* plea may never be vindictive. However, under a fundamental error analysis, in order to be a plain or obvious error, the error must be clear under current law. *State v. Wright*, 153 Idaho 478, 489, 283 P.3d 795, 806 (Ct. App. 2012). In other words, there needs to be a clear answer to the question and existing authorities must unequivocally resolve that question in the appellant's favor. *Id.* at 489-90, 283 P.3d at 806-07. Here, the authority Baker cites to this Court does not unequivocally show the entry of an *Alford* plea is akin to exercising the right to trial that would preclude a trial court from increasing a sentence based on the defendant's choice of how to proceed in a criminal case.

Second, even assuming a trial court may not use the entry of an *Alford* plea as a basis for imposing a harsher sentence, Baker cannot show plain error because the record does not demonstrate the district based the sentence on Baker's entry of an *Alford* plea per se. Instead, the court gave consideration to Baker's broader failure to accept responsibility and callous attitude about his offenses, which made him a danger to the public.

4

At Baker's plea hearing, on the morning that trial was set to begin, Baker indicated his intent to plead guilty. During the colloquy, however, Baker was unwilling to admit he touched the victim's breasts, thereby committing sexual battery. Baker conceded the State would be able to prove he committed the act. Defense counsel stipulated that there was an adequate factual record supporting the charge and by which the State could secure a conviction. The district court stated, "Obviously, in sex offenses *Alford* pleas are problematic with a defendant in any case." Still, the district court accepted the *Alford* plea. Thereafter, Baker admitted to attempted rape and entered an unconditional guilty plea to that charge.

At the sentencing hearing, the State and defense counsel each made recommendations as to the appropriate sentences. After Baker declined to make any statements, the district court stated:

> There are four things I have to look at in terms of imposing a sentence. What's an appropriate punishment? Punishment is usually the least important in my mind. How do I deter you and other persons from engaging in this kind of conduct in the future? . . .
> Rehabilitation, which is the likelihood of being able to rehabilitate the offender such that the offense does not occur again. And that dovetails with the concept of public protection.
> The representations in the police reports are pretty graphic, pretty troubling. And I note particularly there is a comment attributed to you which you didn't contest on page 3. It says that he stated he did not know how her panties got off. He stated he just let things get out of hand, described the situation as being, quote, the wrong place, wrong time, wrong puss. That speaks volumes to me about your attitude at the time.
> And you have contested the representations on page 13. I understand that. But I think the fact remains that other witnesses heard the victim screaming from the van and had to strike you to get you to stop. So I think protection of the public is a strong factor here, as well as rehabilitation.
> . . . .
> Having pled guilty, I find you are guilty. Having considered the four Toohill factors, I am going to impose a sentence as follows: I am going to impose two years fixed, eight years indeterminate, for a unified ten-year sentence. And I am doing that in consideration of the fact that you entered an Alford plea, which essentially means you dispute the conduct, but you agree that the state can probably prove most of it.
> You did plead guilty. That's accepting responsibility to a degree. I just don't see this as a retained jurisdiction case. I think if you are going to be rehabilitated it is going to take longer than the one-year period.

The page references by the district court referred to portions of the presentence investigation (PSI) report. Baker made the first referenced statements in an interview with police shortly after

5

the crime occurred. The second reference to the PSI report is in regards to statements allegedly later made by Baker. One such statement was, "I think sometime the girls in these cases should be held accountable. I never forced anything." Just after that statement, the investigator noted other problematic aspects of Baker's behavior: Baker committed the offenses despite being fully aware the girl was underage and, after claiming the girl initiated the sexual encounter, failed to accept that he is accountable for his own actions or that, as an adult, it was his responsibility to discourage and avoid any sexual contact with the minor. As the district court noted, Baker disputed that he made some of these remarks. Nonetheless, the facts showed the victim was heard screaming and witnesses had to strike Baker to end the attempted rape. The district court further noted Baker was found credible by a polygrapher and had a low risk of recidivism, but that "it would depreciate the seriousness of the offense to impose a sentence less than what the Court has imposed."

Upon this record, it is not clear the reference to the *Alford* plea was improper and, when taken in context, the statement on which Baker relies shows the district court's consideration of the *Alford* plea was one among several bases for imposing the sentence of a unified term of ten years, with two years determinate. Where a district court accepts an *Alford* plea, it may nonetheless assess the defendant's potential for rehabilitation when sentencing by considering that the defendant entered an *Alford* plea and did not admit guilt or fully accept responsibility for the crime. *See State v. Leon*, 142 Idaho 705, 711, 132 P.3d 462, 468 (Ct. App. 2006) (considering the fact the defendant pled guilty through an *Alford* plea when looking at the defendant's rehabilitative potential and acceptance of responsibility in reviewing whether the sentence was excessive). Additionally, in *State v. Howry*, 127 Idaho 94, 896 P.2d 1002 (Ct. App. 1995), we upheld a sentence where the defendant claimed the district court erred by considering his lack of remorse for the crime and asserted such consideration was inappropriate when a defendant enters an *Alford* plea. There, the defendant argued it would subvert the purpose of an *Alford* plea to consider a lack of remorse on the part of the defendant in such a context. We concluded that the United States Supreme Court's precedent in *Alford* "does not require, however, that a court accept a guilty plea from a defendant while simultaneously treating the defendant as innocent for purposes of sentencing." *Howry*, 127 Idaho at 96, 896 P.3d at 1004. Rather, once an *Alford* plea is entered, the court may treat the defendant, for purposes of sentencing, as if he or she were guilty and may consider--amid assertions of innocence--evidence

6

of the crime, the defendant's criminal history, and whether the defendant demonstrates remorse. *Howry*, 127 Idaho at 96, 896 P.3d at 1004; *see also State v. Murphy*, 133 Idaho 489, 494, 988 P.2d 715, 720 (Ct. App. 1999) (holding it is not improper for a trial court to consider a defendant's failure to accept responsibility for the crime in determining whether rehabilitation efforts would be fruitful); *State v. Stringer*, 126 Idaho 867, 870, 893 P.2d 814, 817 (Ct. App. 1995) (holding the entry of an *Alford* plea does not require the sentencing court to disregard evidence of the offense or accept a defendant's assertions of innocence); *Stedtfeld*, 114 Idaho at 276, 755 P.2d at 1314 (stating a sentencing judge need not wholly ignore a defendant's continued assertions of innocence in the context of rehabilitation potential, even if it should not usually be given much weight).

In reading the statement of the district court regarding the *Alford* plea in context, the record shows the district court had concern for the public's protection and Baker's amenability to rehabilitation. By it statements, the district court considered the entry of an *Alford* plea as only a step towards accepting responsibility. Immediately following that observation by the district court, it spoke of rehabilitation and found that Baker's rehabilitation would require more time than a period of retained jurisdiction would provide. We also find it notable that the district court began its explanation by stating punishment was the factor in sentencing that was the least concern to the court. When taken as a whole, the record does not show the district court was punishing Baker due to the entry of the *Alford* plea, but was concerned that such a plea--along with other information in the PSI report--indicated a lack of acceptance of responsibility and a need for rehabilitation. Connecting such considerations with the need for protecting the public, the district court imposed the sentence that it did. The record shows no vindictiveness, and consequently, Baker does not meet the *Perry* standard of showing error that is clear and plain in the record.

## B.    Excessive Sentences

Baker contends that, even if this Court finds his sentence for the sexual battery conviction was not vindictive, the district court imposed excessive sentences and failed to sufficiently consider mitigating factors. The State responds that the nature of Baker's criminal conduct and refusal to accept responsibility supports the sentences imposed by the district court.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal,

7

the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). In order to prevail on a claim that a legal sentence is an abuse of discretion, the defendant must show that in light of sentencing criteria, the sentence was excessive under any reasonable view of the facts. *State v. Stover*, 140 Idaho 927, 933, 104 P.3d 969, 975 (2005); *State v. McGiboney*, 152 Idaho 769, 773, 274 P.3d 1284, 1288 (Ct. App. 2012). Where reasonable minds might differ, we respect the discretion of the trial court and will not supplant the trial court's views with our own. *McGiboney*, 152 Idaho at 773, 274 P.3d at 1288.

Baker has not shown his sentences are excessive or unreasonable. Baker points out many characteristics and circumstances that our courts have identified as mitigating factors in sentencing, but every case turns on its own merits. *State v. Kellis*, 148 Idaho 812, 817, 229 P.3d 1174, 1179 (Ct. App. 2010). A review of the record reveals the mitigating factors that Baker presents are unduly emphasized. For example, although Baker insists that he accepted responsibility for his crimes, he entered an *Alford* plea and maintained that he did not force the victim into doing anything. Worthy of pointing out are Baker's comments during the psychosexual evaluation and the later neuropsychological evaluation. During the psychosexual evaluation, the evaluator stated Baker may have minimized the extent or seriousness of the crime. He also stated Baker admitted to having touched the victim's breasts, but only reluctantly. Finally, the evaluator also concluded Baker had dementia due to head trauma (from a previous car accident) and was not a particularly good candidate for sex offender treatment

8

because of attention, concentration, and memory deficits--despite the low risk of recidivism. In the neuropsychological evaluation, Baker stated he was being evaluated because there were contradicting stories as to whether he could be successful in a treatment program and because "they railroaded [him]." Baker went on to say, "I pled guilty to something I didn't do." The evaluator noted that Baker was "fairly adamant in denying any forcible aspect and indicated that [the sexual contact] was consensual." The neuropsychological evaluator disagreed with the diagnosis of the psychosexual evaluation and found that Baker did have the capacity to participate in a sex offender treatment program with some reasonable accommodations. The evaluator did not, however, make any intimation as to the likelihood of Baker's rehabilitation. Baker's comments to each evaluator contradict, in and of themselves, his current assertion that he fully accepted responsibility for the crimes.

Additionally, the evaluations do not fully support Baker's assertions that he is amenable to treatment. Rather, one report indicated that he is not a good candidate for sex offender treatment. It specifically stated: "[Baker] attempted to present himself as rather virtuous and moralistic. Individuals with similar code types tend to have little insight." Later in the report it was noted that "Baker's problems with attention, concentration, and memory would make traditional treatment at best difficult, and for the most part not productive." The other report simply opined that Baker's difficulty in a possible treatment program was overstated and that Baker could retain information and participate in treatment; the report made no comment on Baker's willingness to be rehabilitated. The district court, in imposing the sentences, recognized that retained jurisdiction would be ineffective at facilitating Baker's rehabilitation.[2]

Baker further argues the sentences demonstrate an abuse of discretion because the presentence investigator recommended retained jurisdiction and, coupled with the other mitigating factors, such a sentence would have been the reasonable sentence to impose. We find this unconvincing. When a court has sufficient information at the time of sentencing to deny

---

[2]     Contrary to Baker's assertions, the record does not show the district court *lengthened* Baker's sentence in order to *promote* rehabilitation, as he contends is prohibited under the authority in *Tapia v. United States*, ___ U.S. ___, 131 S. Ct. 2382 (2011). Rather, the district court recognized that a period of retained jurisdiction would not facilitate Baker's rehabilitation, which is a factor to consider in fashioning an appropriate sentence. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Moreover, the case on which Baker relies is an interpretation of a federal statute, rather than State sentencing standards.

probation, its refusal to retain jurisdiction for further evaluation is not an abuse of discretion. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992). Notwithstanding the facts this was Baker's first felony offense, he had a relatively stable background and presence in the community and had a residual mental condition from a traumatic car accident, the sentences are not unreasonable under any view of the facts. The record shows no abuse of discretion by the district court.

## III.

## CONCLUSION

Under fundamental error review, Baker fails to show any vindictiveness by the district court in imposing the sentence for the sexual battery conviction that is plain and obvious in the record. Furthermore, Baker does not meet his burden of showing the sentences are excessive or unreasonable under any view of the facts. Accordingly, we affirm Baker's judgment of conviction and sentences for sexual battery of a minor child sixteen or seventeen years of age and attempted rape.

Judge LANSING and Judge MELANSON **CONCUR.**