**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 41359**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 562** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: June 12, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JUSTIN SAMUEL GOETSCH,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Sentence for sexual abuse of a child, <u>vacated</u>, and case <u>remanded</u> for resentencing.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Justin Samuel Goetsch complains that the district court improperly considered an aggravating factor at sentencing, namely the fact that Goetsch had caused increased costs to the county by contending that his appointed counsel had a conflict of interest and thereby obtaining appointment of new counsel. Goetsch maintains that this factor was not appropriate for the court's consideration in sentencing. We vacate the sentence and remand for resentencing.

## I.

## BACKGROUND

Goetsch was charged with lewd conduct with a minor under sixteen years of age, Idaho Code § 18-1508, and sexual abuse of a child under sixteen, I.C. § 18-1506. In addition, the State sought a persistent violator sentencing enhancement pursuant to I.C. § 19-2514. A public defender was appointed to represent Goetsch. That attorney subsequently filed a motion for the

appointment of substitute counsel. In that motion, the attorney stated that "during a conference regarding the defendant's case and possible trial strategies, it became clear to counsel that the defense which the defendant wishes to proffer in this matter places counsel in an absolute and unavoidable conflict of interest due to her representation of other defendants." The district court provisionally denied the motion and requested that counsel explain the conflict in an affidavit submitted under seal. The requested affidavit stated:

> [T]he defendant's family has hired a private investigator . . . . In a meeting with [the investigator and the defendant's girlfriend who is also the alleged victim's mother, the girlfriend] indicated to counsel that the allegations against the defendant, in their opinion, were false and stemmed not from the defendant's conduct, but rather the alleged rape of the alleged victim by an individual who has been a client of counsel's and is believed to still be on felony probation.
>
> . . . .
>
> The defendant, at this juncture, has chosen to proceed with a Jury Trial in this case. The defense which is to be proffered to the Jury involves accusing counsel's former client of rape of the alleged victim in the defendant's above-entitled case. The defense is that the rape by the former client of counsel is what caused the alleged victim in this case [to] make false allegations against the defendant and that the defendant is not guilty of Lewd Conduct.
>
> Regardless of whether this defense is admissible [at] trial or the Court rules it inadmissible, counsel at a minimum must engage in an investigation of her former client and would be required to vigorously represent the defendant in this matter which would necessarily require counsel to employ all the information she has about the former client including any potential relationship which would bring him into past contact with the alleged victim.

The attorney was of the view that the Idaho Rules of Professional Conduct prohibited her continued representation of Goetsch. After reviewing the affidavit, the court appointed conflict counsel.

Because this occurred close to the commencement of Goetsch's trial, the trial date was reset. Before trial began, Goetsch pleaded guilty to the sexual abuse charge in exchange for the dismissal of the lewd conduct charge and the sentencing enhancement.

The court imposed a unified term of twenty-five years' imprisonment with fifteen years fixed. At the sentencing hearing, the district court mentioned various factors that it had considered in arriving at the sentence including Goetsch's prior conviction for a sex offense, the nature of the instant offense, and an evaluation showing that Goetsch was a moderate risk to reoffend. The court also expressly considered:

2

that during the pendency of this action it was necessary to appoint a conflict public defender because of the assertions, either by you or other family members, that perhaps there was another person who committed this crime.

Certainly, the defense of this crime has resulted in the additional cost to the county. That is a factor, but a very minor factor for the court to consider.

Goetsch thereafter filed a motion pursuant to Idaho Criminal Rule 35 seeking a reduction of his sentence. In support of that motion, he submitted an affidavit of his girlfriend (the victim's mother) explaining her interactions with Goetsch's original attorney. According to the affidavit, she told the attorney that the victim had "also claimed to me to have been raped by another adult male." She also swore that she did not "ever say or insinuate to [original counsel] that this third person had committed the crime against my daughter for which the defendant has plead [sic] guilty in this matter." The district court did not find the affidavit credible. The court reasoned:

> [T]he assertion of [the girlfriend] is in direct conflict with the affidavit of counsel filed under seal in support of her motion to withdraw as counsel for the defendant. When the court granted the motion to withdraw it was clear that the defendant and the family of the victim were claiming that the allegations of the victim as to the defendant were false.

Accordingly, the court denied the Rule 35 motion.

## II.

## ANALYSIS

On appeal, Goetsch argues that the court impermissibly punished him for increasing the expense of his representation to the county by exercising his constitutional right to conflict-free counsel, and further erred by imposing an excessive sentence and denying his Rule 35 motion seeking leniency. Because we find the first issue to be dispositive, we do not address the remaining issues.

In his Rule 35 motion, Goetsch attempted to correct what he perceived to be the district court's misunderstanding of the contemplated defense that led him to request substitute counsel, but he did not directly challenge the propriety of the court's consideration of his request for new counsel, and the associated cost to the county, as an aggravating factor at sentencing. Therefore, Goetsch presents this issue on appeal as a claim of fundamental error. Issues not raised below generally may not be considered for the first time on appeal, *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992), but Idaho appellate courts will consider a claim of error to which no

3

objection was made below if the issue rises to the level of fundamental error.  *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971).  In *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010), the Idaho Supreme Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error:  (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) there is a reasonable possibility that the error affected the outcome of the trial proceedings.  *Id.*

As to the first element of the *Perry* test, Goetsch alleges a constitutional violation.  He argues that the district court violated his right to due process of law by imposing a vindictive sentence because it punished him for exercising his Sixth Amendment right to be represented by conflict-free counsel.  Punishment of an individual for exercising a protected statutory or constitutional right is unconstitutional.  *United States v. Goodwin*, 457 U.S. 368, 372 (1982); *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978); *North Carolina v. Pearce*, 395 U.S. 711, 723-25 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989); *State v. Regester*, 106 Idaho 296, 299, 678 P.2d 88, 91 (Ct. App. 1984).  The imposition of a vindictive sentence that punishes a defendant for exercising a legal right violates the right to due process of law.  *State v. Baker*, 153 Idaho 692, 695, 290 P.3d 1284, 1287 (Ct. App. 2012); *State v. Grist*, 152 Idaho 786, 792, 275 P.3d 12, 18 (Ct. App. 2012); *Stedtfeld v. State*, 114 Idaho 273, 276, 755 P.2d 1311, 1314 (Ct. App. 1988).

An appellate court is not required, however, to "treat any reference to a defendant's [exercise of a right] as a conclusive sign of vindictiveness."  *Regester*, 106 Idaho at 300, 678 P.2d at 92.  Rather, we look to the totality of the circumstances when reviewing a record to determine whether a sentence was imposed vindictively.  *Baker*, 153 Idaho at 695, 290 P.3d at 1287.

> [W]e do not view the "totality of circumstances" rule as an invitation for an appellate court to weigh the sentence against the entire record and to treat the vindictiveness issue as merely a question of abuse of sentencing discretion.  Rather, we recognize that vindictiveness is a more subtle, narrow question. It focuses upon the sentencing judge's view of the defendant's decision to [exercise

4

a legal right.] That view cannot be determined upon a single remark removed from context. The judge's words and actions must be considered as a whole.[1]

*Id.* (quoting *Regester*, 106 Idaho at 300, 678 P.2d at 92).

The Sixth Amendment to the United States Constitution, made applicable to state court proceedings by the Due Process Clause of the Fourteenth Amendment, guarantees the right of an accused to be represented by legal counsel in criminal proceedings. *Gideon v. Wainwright*, 372 U.S. 335, 342-43 (1963). That right includes, for indigent defendants, a right to appointment of counsel at public expense. *Id.* at 344. To satisfy this constitutional right, the attorney representing an accused must be free of conflicts of interest; representation by an attorney with an actual conflict does not satisfy the Sixth Amendment right to counsel. *Holloway v. Arkansas*, 435 U.S. 475, 481 (1978). Therefore, when it has been shown that an attorney appointed to represent an indigent defendant has a genuine conflict of interest, a request for substitute counsel must be granted. *See State v. Severson*, 147 Idaho 694, 704, 215 P.3d 414, 424 (2009).

It appears that the district court here was of the view that Goetsch's request for substitute counsel was not a legitimate exercise of his right to conflict-free counsel because the contemplated defense that caused a conflict for his original attorney was dishonest and raised in bad faith.[2] The district court apparently believed that Goetsch had forced the court to appoint conflict counsel because Goetsch was planning to pursue a defense of falsely blaming someone

---

[1]    A different standard of review applies if a harsher sentence was imposed upon resentencing by the same judge after a successful appeal. In that circumstance, vindictiveness is presumed, but the presumption may be overcome by objective information in the record justifying the change in the sentence. *North Carolina v. Pearce*, 395 U.S. 711, 723-725 (1969); *State v. Robbins*, 123 Idaho 527, 530-31, 850 P.2d 176, 179-80 (1993); *State v. Grist*, 152 Idaho 786, 792, 275 P.3d 12, 18 (Ct. App. 2012).

[2]    Ordinarily, a court is not privy to the discussions that take place between a defendant and defense counsel as such communications are privileged. Idaho Rule of Evidence 502. Thus, as a practical matter, the court lacks the ability to punish a defendant for statements made or defenses that may have been considered in those discussions. In this case, however, we are confronted with a situation where the court's normal unawareness of the discussions was lifted by counsel's affidavit.

It is of some concern to this Court that by considering the information as a factor at sentencing, the district court used an affidavit filed under seal for a purpose other than the intended purpose. However, neither of these concerns is raised as an issue on appeal and we imply no view on them.

else for the acts that Goetsch was charged with. We conclude, however, that the information before the district court at the time of sentencing did not establish that this was Goetsch's intent or that his conduct was wrongful. That information showed that Goetsch denied guilt of the lewd conduct charge, that he intended to adduce testimony indicating that a third person previously raped the victim, and that, as stated in the attorney's affidavit, Goetsch contemplated a defense "that the rape by the former client of counsel is what caused the alleged victim in this case to make false allegations against the defendant." The precise nature of the contemplated defense theory was not made clear by the affidavit. In denying Goetsch's Rule 35 motion, the district court stated that "the defendant and the family of the victim were claiming that the allegations of the victim as to the defendant were false." Thus, the court appears to have inferred that even though Goetsch had previously admitted to police that he had inappropriately touched the victim, he had invented a defense directly contradicting his prior admissions and eventual guilty plea.

A close examination of *which* allegations Goetsch was contesting, however, reveals that the district court's assessment is mistaken. Goetsch was charged with two counts, *both* lewd conduct with a minor, I.C. § 18-1508, and sexual abuse of a minor, I.C. § 18-1506. In his police interviews and his guilty plea, Goetsch consistently admitted to having touched the victim in a manner that might support a charge of sexual abuse, but not necessarily lewd conduct.[3] He consistently described his conduct as touching the victim in the vicinity of her genitals, but denied touching her genitals. During their investigation, officers asked Goetsch whether he had penetrated the victim's vagina with his fingers and he said, "No." He said that he only "rubbed her pelvic region." Goetsch pleaded guilty only to sexual abuse, the conduct to which he had admitted; the lewd conduct charge was dismissed. At the change of plea hearing, Goetsch admitted that he had "rubbed [the victim's] pelvic area." Later, during his psychosexual evaluation, Goetsch admitted that he had "rubbed [the victim's] pubic area" but "clarified that he

---

[3] Lewd conduct requires, as an element of the offense, a lewd act on the child's body such as "genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact." Sexual abuse, by contrast, requires "sexual contact" with the minor "not amounting to lewd conduct." The manner of touching required for lewd conduct and sexual abuse are mutually exclusive. *State v. Flegel*, 151 Idaho 525, 529, 261 P.3d 519, 523 (2011).

6

did not touch [the victim's] vagina." Thus, Goetsch's denial of the lewd conduct charge was not patently inconsistent with his admissions to police or inconsistent with his ultimate guilty plea to sexual abuse.[4]

Nor does the record establish that it was wrongful for Goetsch to investigate and consider presenting evidence of a prior sexual offense by a third party against the same victim. It appears that defense counsel's affidavit described only a potential defense theory that had not yet been investigated or evaluated by counsel, and the court therefore received only a partial and potentially misleading view of the contemplated defense. It is clear, however, that the affidavit did not say that the intent was to accuse a third person of committing the acts for which Goetsch was charged. Rather, the affidavit does not disclose precisely how it was thought that evidence of a third party's rape of the victim could be used in Goetsch's defense. According to the attorney's affidavit, "The defense is that the rape by the former client of counsel is what caused the alleged victim in this case to make false allegations against the defendant and that the defendant is not guilty of lewd conduct." On appeal, Goetsch contends that the strategy was to argue to the jury that "the trauma from the rape affected [the victim] in a way that caused her to falsely accuse Mr. Goetsch of touching her and would potentially explain why she was fearful that Mr. Goetsch would rape her if she told anyone about the touching." That clarification was not presented to the district court, but it is consistent with the information in defense counsel's affidavit and would not have been a wrongful defense. Although the defense that the district court inferred--that Goetsch intended to blame a third party for his offense--is also consistent with the information in defense counsel's affidavit, we cannot say that the district court was justified in assuming that a dishonest defense is what Goetsch intended.[5]

---

[4]    The victim's allegations are unclear. A police report states that the victim told police that "Goetsch started rubbing her leg and then put his hand under her shorts a*nd began rubbing around her genitals.*" (Emphasis added.) That report could be read consistently with Goetsch's recounting of the facts, which included touching of the pelvic area, but not the genitals. However, the record indicates that either the victim's statement was not interpreted that way or that the victim alleged additional contact. The presentence investigation report stated, unequivocally, that the victim "told police that [Goetsch] had rubbed her genitals."

[5]    There are other conceivable defenses that might have been considered based upon the information in the affidavit. For example, the defense might have theorized that the victim was conflating two separate events--Goetsch's contact that amounted to sexual abuse and an earlier rape. Such a defense might not be persuasive, but it would not be wrong.

7

In short, the district court lacked sufficient facts to determine that the intended defense was false or wrongful and that Goetsch therefore had illegitimately created a conflict of interest for his attorney that necessitated appointment of substitute counsel.[6] Therefore, we conclude that Goetsch's right to due process was violated if the district court based his sentence, even in small part, upon a belief that Goetsch wrongfully required appointment of conflict counsel by planning a false or wrongful defense against the lewd conduct charge.

Of course, it is also impermissible for a court to punish a defendant for extra costs imposed on the county by the defendant's good faith exercise of the right to conflict-free counsel. Many choices that an indigent defendant makes may increase the cost of legal representation. Delaying a guilty plea, not pleading guilty and proceeding to trial, obtaining independent tests of evidence, and many other procedures by a defendant who is aware of his or her own guilt may increase the cost of indigent defense. We find no authority to conclude that it is permissible to consider any of these as an aggravating factor at sentencing. In most cases, consideration of marginal increases in cost associated with various defense strategies would frustrate the constitutional rights to counsel and to due process. A court that has provided indigent defendants with the "procedural and substantive safeguards designed to assure fair trials before impartial tribunals," *Gideon*, 372 U.S. at 344, may not punish them for using those safeguards.

As to the second and third elements of the *Perry* test for fundamental error, Goetsch has shown that the error is plain and that there is a reasonable possibility that it affected the outcome of the proceeding. At Goetsch's sentencing hearing, the court commented:

> that during the pendency of this action it was necessary to appoint a conflict public defender because of the assertions, either by you or other family members, that perhaps there was another person who committed this crime.
> Certainly, the defense of this crime has resulted in the additional cost to the county. That is a factor, but a very minor factor for the court to consider.

In describing the cost consideration as "very minor," the court thereby acknowledged that it *was* a factor that the court weighed in the sentencing decision. When a trial court raises a

---

[6] We do not imply the proper response would have been for the district court to collect more information regarding the contemplated defense. Doing so would have required the court to intrude upon privileged communications and to frustrate the defendant's right to counsel.

factor at sentencing, states that it considers that factor, and explains why it considers that factor, we trust that the district court means what it says. Additionally, we note that the court imposed the maximum permissible unified sentence and that the sentence imposed exceeded the State's recommendation.

Because Goetsch has demonstrated from the record that there was an infringement of his right to due process and to conflict-free counsel when the court considered his request for substitute counsel as an aggravating factor at sentencing, that the error is plain, and that it likely affected the outcome of his sentencing proceedings, fundamental error is shown. Therefore, Goetsch is entitled to resentencing. Because we vacate Goetsch's sentence, we need not determine whether the sentence imposed is excessive or address the denial of Goetsch's Rule 35 motion.

For the foregoing reasons, Goetsch's sentence is vacated and the case is remanded for resentencing.

Judge GRATTON and Judge MELANSON **CONCUR.**